# SHEARER & MARTIN, Respondent, v. JAMES A. HILL, Appellant.

### Kansas City Court of Appeals, May 6, 1907.

1. **DECEIT: False Representations: Reliance: Diligence.** To entitle one complaining of false representations to relief he must have relied on representations and have used his senses for his own protection according to the opportunity presented.

2. **———: ———: ———: ———: Evidence.** Under the evidence it is held that plaintiffs were not negligent in acting upon representations made by defendant.

3. **WITNESSES: Competency: Husband and Wife: Agency: Harmless Error.** The wife of one of the plaintiff partnership was alone in plaintiffs' office when defendant with another came, and upon the arrival of her husband introduced the parties to him. *Held*, she was not the agent of the plaintiffs and could not testify as to what passed between her husband and the parties after the introduction; but held further that her evidence was harmless.

4. **EVIDENCE: Correspondence: Contents.** *Held*, that evidence of the fact of correspondence between plaintiff and a third party was not objectionable, and it was unnecessary to produce the correspondence since there was no attempt to introduce its contents.

5. **DECEIT: False Representation: Settlement.** The fact that the amount of a claim was settled for less than its face value is no defense for an action based on fraud and deceit to recover the amount paid, where the payment of any amount at all was the result of reliance on false representations.

6. **TRIAL PRACTICE: Pleading: Different Counts: Same Cause of Action: General Verdict.** Where the same cause of action is stated in several counts with a view to meeting the evidence a general verdict is sufficient though the rule is different where different causes of action are stated in different counts.

7. **APPELLATE PRACTICE: Conflict of Evidence: Verdict.** Where there is a conflict of evidence the appellate court must accept the verdict of a jury as to the facts.

Appeal from Barton Circuit Court.—*Hon. Levin W. Shafer*, Judge.

AFFIRMED.

*H. W. Timmonds* for appellant.

(1) Mrs. Martin, plaintiff W. A. Martin's wife, was clearly incompetent to testify on behalf of her husband and the objection to her testimony should have been sustained by the court. Moore v. Wingate, 53 Mo. 409; Tucker v. Gentry, 93 Mo. App. 663; Lynn v. Hockaday, 162 Mo. 123; 2 Rice on Evidence, sec. 381, and cases cited. (2) The objection to plaintiff Martin and witness Curry testifying that they had been "corresponding for eight months" about the farm that Curry afterwards bought should have been excluded. (3) Defendant's demurrer at the close of plaintiff's case should have been sustained. There is not the slightest evidence that the defendant ever received any money from plaintiffs for his use and benefit which would raise an implied promise to return to plaintiffs on demand. The testimony wholly failed to show that defendant was guilty of deceit. Jolliffe v. Collins, 21 Mo. 342. (4) An innocent misrepresentation made through mistake without knowledge of its falsity and with no intention to deceive will not justify a personal action for damages. Redpath Bros. v. Lawrence & Cushing, 42 Mo. App. 110. (5) If the representations complained of were made as charged there is no liability shown for the reason that there is no testimony that the defendant was not a real estate agent, and on the contrary it is abundantly shown that he was a real estate agent, and for the further reason that the facts clearly shown that defendant understood Curry the purchaser of the land, to come to Missouri with him for the purpose of buying a farm, so that if the representation with reference to Curry coming to Missouri was in fact false, it nowhere appears that defendant knew it was false, but on the contrary, honestly believed it to be true. Bank v. Sells, 3 Mo. App. 94, and cases cited; Koontz v. Kaufman, 31 Mo. App. 419; Bank v. Byers, 139 Mo. 652. (6) A plaintiff cannot recover for deceit where by the exercise of reasonable care

he could have ascertained the truth. (7) The law favors settlements, and here was a claim made by the defendant of the plaintiffs for half of the commission earned in the sale of the Bumgarner farm. This settlement is a complete bar to plaintiff's recovery. The court ought to have given instructions number 1, 2 and 3, asked by defendant and refused by the court. Mateer v. Railway, 105 Mo. 354; Wonderly v. Christian, 91 Mo. App. 158; Tansey v. Railway, 90 Mo. App. 105; Reisenleiter v. Kirche, 29 Mo. App. 294; Quinlan v. Keiser, 66 Mo. 603; Exter v. Sawyer, 146 Mo. 322. (8) The first count in plaintiff's petition is for "money had and received." This action, says Mr. Bouvier, "is the technical designation of a form of declaration *in assumpsit,* wherein the plaintiff declares that defendant had and received money." 2 Bouvier, Law Dict., 193. (9) The second count in the petition is for deceit, which constitutes a tort and has no element of contract. 1 Hilliard on Torts, sec. 4, chap. 1. (10) The verdict in this case should have been set aside and the judgment arrested for the further reason that it is a general verdict and does not designate on which count of the petition the jury found for the plaintiffs. Bigelow v. Railroad, 48 Mo. 510; Owens v. Railroad, 58 Mo. 394; Johnson v. Bedford, 90 Mo. App. 47 and cases cited.

*Cole, Burnett & Moore* for respondent.

(1) No error was committed in admitting the testimony of Mrs. Martin. Her agency in that very business is clearly shown, and she was certainly competent. McGuire v. DeFrese, 77 Mo. App. 685; Engerham v. Wheatherman, 79 Mo. App. 484. Even if technical error, it was about a matter not disputed but fully shown, and was therefore harmless. Love v. Love, 98 Mo. App. 571; State v. Gatlin, 170 Mo. 370; Hamilton v. Crowe, 175 Mo. 648; Reno v. Kingsbury, 39 Mo. App.

244; Bank v. Longfellow, 96 Mo. App. 394. (2) The existence of a writing, or the fact of correspondence on some subject, may be shown orally. 2 Encyc. of Evidence, 301, and notes 79 and 80; Massey v. Bank, 113 Ill. 334; Snodgrass v. Bank (Ala.), 60 Am. Dec. 505; Knapp v. Wing, 72 Vt. 334; Railroad v. Mahoney (Ill.), 25 Am. Rep. 299; 17 Cyc., 478. (3) The first count states a perfect cause of action for money had and received, and such action is very broad and flexible. Banking Co. v. Com. Co., 195 Mo. 288; Richardson v. Drug Co., 92 Mo. App. 521 and 532; Antonelli v. Basile, 93 Mo. App. 140; York v. Bank, 105 Mo. App. 137; By fraud—2 Greenleaf on Ev. (14 Ed.), sec. 120; Magoffin v. Muldrow, 12 Mo. 512. (4) Plaintiffs' evidence, if believed by the jury, certainly made a case of deceit or obtaining money by false pretenses. Not an element was lacking. Edwards v. Noel, 88 Mo. App. 439; Live Stock Co. v. White, 90 Mo. App. 503. (4) The trouble with counsel's theory of settlement or accord and satisfaction is, that it rests upon the very fraud and deceit forming plaintiffs' cause of action. Such a cause of action necessarily attacks a settlement. Dry Goods Co. v. Goss, 65 Mo. App. 60; Wetmore v. Crouch, 150 Mo. 683; Mires v. Summerville, 85 Mo. App. 187; Caldwell v. Henry, 76 Mo. 260; Judd v. Walker, 114 Mo. App. 128; State v. Wilson, 66 Mo. App. 546; State v. Keyes, 196 Mo. 163. (5) There is nothing in the point that the first count is in *assumpsit* and the other detailing the facts. Allen v. Aylor, 111 Mo. App. 257. (6) Counsel thinks the general verdict bad. But he overlooks an obvious distinction. Nolan v. Bedford, 89 Mo. App. 172; Maguire v. Transit Co., 103 Mo. App. 472; Litton v. Railroad, 111 Mo. App. 149; Johnson v. Bedford, 90 Mo. App. 47—48; Campbell v. King, 32 Mo. App. 38; Zellars v. Water & Light Co., 92 Mo. App. 107; Rinard v. Railway, 164 Mo. 284.

ELLISON, J.—The plaintiffs' petition is in two counts, one for money had and received, the other for fraud and deceit. There was a general verdict for the plaintiffs.

It appears from the evidence in plaintiffs' behalf, which, since the verdict is for them, we must accept as true, that they were real estate agents in Barton county and had been in correspondence for several months with one Curry, who resided in Illinois, about the sale of a farm which they were agents to sell. Curry and defendant resided in the same town in Illinois and the latter owned a farm near the one about which Curry and plaintiffs were corresponding. Curry and defendant came to this State together and proceeded to plaintiffs' office together, and they, with one of plaintiffs, went to the farm, looked it over and Curry bought it. The commission on the sale due plaintiffs from the owner was one-hundred and sixty-five dollars. After the contract of sale was signed, Curry returned to Illinois before defendant and after his departure defendant went to plaintiffs and represented to them that he brought Curry from Illinois to them to buy the farm and that he had paid his way over, and that he was entitled to one-half the commission they were to receive. Plaintiffs believed such representations and relied upon them as being true and, recognizing a custom to divide commission when a sale was made in such circumstances, they told defendant that when they received the commission they would divide. That in about thirty days afterwards they did receive their commission of one hundred and sixty-five dollars, and paid to defendant eighty dollars thereof, he accepting that sum as his share. The evidence in plaintiffs' behalf then showed that defendant's representations as to bringing Curry to them and paying his way were untrue.

It is claimed by defendant that plaintiffs failed to make out a case and his demurrer to the evidence should

have been sustained. This claim is based mainly upon the contention that plaintiffs did not rely upon defendant's representations, and that they lacked diligence and prudence in ascertaining whether they were true. There is no doubt that it is necessary to an action for fraud that the complainant must have relied upon the false representations; otherwise there is no deception or imposition. So it is also true that the courts will not listen to the complaint of one who, having an opportunity at hand, has refused to exercise his senses for his own protection. [Mires v. Summerville, 85 Mo. App. 183; Hendricks v. Vivion, 118 Mo. App. 417.] In the latter case, the question is discussed and authorities cited.

In a criminal case for false pretenses, the Supreme Court has stated the law as not affording redress in every case of false and fraudulent representations "for if the representations are absurd or irrational, or such as are not calculated to deceive the party to whom they are made, or when the pretenses or representations are such that the party to whom they are made had the means at hand at the time to detect their falsity, then, and in that case, there would be no criminal offense under the true spirit and purpose of the statute." [State v. Keyes, 196 Mo. 136, 151.] At page 155 of the report of the opinion in that case, Judge Fox quotes with affirmative approval from Woodbury v. State, 69 Ala. 242: "A false pretense, to be indictable, must be calculated to deceive and defraud. As of an actionable misrepresentation, it must be of a material fact, on which the party to whom it is made has the right to rely; not the mere expression of an opinion, and not of facts open to his present observation, and in preference to which, if he observed, he could obtain correct knowledge. Whether the prosecutor could have avoided imposition from the false pretense, if he had exercised ordinary prudence and discretion to detect its

falsity, is not a material inquiry. As a general rule, if the pretense is not of itself absurd or irrational, or if he had not, at the very time it was made and acted on, the means at hand of detecting its falsehood, if he was really imposed on, his want of prudence is not a defense. [2 Whart., Cr. Law, sec. 2128.]" To the same effect is State v. Cameron, 117 Mo. 641.

Applying the rule announced in the foregoing case, we find that it does not bear out defendant's contention. For, when defendant made the representations Curry had returned to Illinois and there was no opportunity to inquire of him, since he did not come back to Missouri until some time after the money was paid to defendant. It is true the money was not paid to defendant until near thirty days after his representations to plaintiffs and they could have written to Curry to verify defendant's statement. But it was a part of plaintiffs' case that defendant requested them not to let Curry know that he was getting part of the commission as they were neighbors in Illinois.

Defendant insists that plaintiffs had knowledge that the representations with which they charged him were untrue, in that when Curry came to their office he said he came in response to their correspondence and that they believed their own correspondence brought him to them. But that did not conclusively determine that they did not believe defendant when he afterwards made his representations. Nor was Curry's statement as to his coming necessarily inconsistent with what defendant afterwards represented. It was quite natural for Curry to say to plaintiffs when he met with them that he was the man who had been corresponding with them and had come to them in consequence of the correspondence. That was not inconsistent with defendant having aided in bringing him by his separate effort.

It appears that when Curry and defendant, on their arrival in Barton County, went to plaintiff's office no

one was in except Mrs. Martin, wife of one of plaintiffs. In a little while plaintiff Martin came in and his wife introduced Curry and defendant to him. She was permitted, over defendant's objection, to testify in plaintiffs' behalf that when she introduced her husband to Curry, the latter said to her husband that he had corresponded with him for several months in regard to the farm which he purchased. Mrs. Martin was not a competent witness and she should not have been permitted to testify. She was not an agent. But we are compelled to say that the matter was not reversible error. It could not possibly have had any effect on the verdict. The fact of correspondence was not disputed and was shown by other evidence in the cause. [State v. Gatlin, 170 Mo. 370, 371; Hamilton v. Crowe, 175 Mo. 648, 649.]

Nor do we see any valid objection to evidence that Curry and plaintiffs had been corresponding about the land. No attempt was made to show the contents of the letters, and it was not necessary to produce them when the only thing shown was the fact that there was a correspondence.

It is urged by defendant that there was a settlement of the dispute between the parties. The idea of a settlement is based upon this suggestion: It appears that plaintiffs' commission was one hundred and sixty-five dollars. One half of that sum as claimed by defendant would be $82.50; but when plaintiffs acquiesced in the demand, it was agreed between them and defendant that the latter would take eighty dollars. We do not see how the law as to settlements concluding the parties to its terms can have any application. The agreement of defendant to take eighty dollars instead of eighty-two dollars and fifty cents, had for its foundation the reliance of plaintiffs in his fraudulent misrepresentations. Such misrepresentations were the cause of plaintiffs parting with the eighty dollars. The case could be stated in this way: Defendant fraudulently deceives plaintiffs into

the belief that they owe him eighty-two dollars and fifty cents, but states he will take eighty dollars and they pay him the latter sum. There is no settlement of a fraudulent claim because plaintiffs are then not aware of that character of claim. The point is not well taken.

It is also suggested that the verdict being general, it cannot be said upon which of the two counts it was based. The rule of law is that if there are several counts upon several distinct transactions or causes of action that there must be a separate finding on each count. But where there is but one transaction or cause of action stated in different ways in separate counts, a general verdict is not improper. [Lancaster v. Ins. Co., 92 Mo. 460; Nolan v. Bedford, 89 Mo. App. 172; Akers v. Bank, 63 Mo. App. 316; Maguire v. Transit Co., 103 Mo. App. 472.]

What we have written disposes of a part of the objections made to the court's action on the instructions. Instructions numbers 1, 2 and 3, embodied a hypothesis of a settlement and were for that reason alone properly refused. As already stated, no element of settlement appeared in the case. Nor do we think the evidence justified the hypothesis that plaintiffs had opportunity to ascertain the truth of the representations in the circumstances of the case as shown by the evidence. We have noted the criticisms made to the instruction given for the plaintiffs and think they are not well made.

As stated at the outset, we have disposed of the case on the theory of the truth of the matters as the evidence in plaintiffs' behalf tends to establish them. The evidence for defendant in many material respects flatly contradicts that of the plaintiffs, and tends strongly to show there was no fraud perpetrated or intended. But on questions of fact, the weight of evidence, etc., we must accept the verdict of the jury and hence we affirm the judgment. All concur.