## EDWARD NORRIS, Respondent, v. CHARLES P. LETCHWORTH, Appellant.

### Kansas City Court of Appeals, January 10, 1910.

1. **CONTRACT: Dependent Covenants.** Plaintiff entered into a written contract with defendant for the purchase of certain land; the deed was deposited in a bank and plaintiff agreed to pay a portion of the purchase price to the bank on a certain date and the deed was to be then delivered to him. *Held,* to be dependent covenants and the obligation was on plaintiff to pay or tender the money on the date named.

2. ———: **Renunciation: When No Breach.** The purchaser was not entitled to treat the contract as broken on account of the seller renouncing the contract where the renunciation was made on the last minute of the last day for performance, where the renunciation was impotent because the deed was in the hands of a bank and would have been delivered on payment of the purchase price, and the purchaser had already shown his disability to perform his obligation to pay the purchase price.

3. ———: **Modification: Nudum Pactum.** Where there is no consideration for a parol modification of a written contract it is a *nudum pactum* and cannot be enforced.

4. ———: ———: ———: **Estoppel.** One who acts in reliance on a parol modification of a written contract, not supported by a consideration, is presumed to know that it is not enforcible and hence cannot avail himself thereof on the ground of estoppel.

5. ———: **Forfeiture.** Where plaintiff paid part of the purchase price of land under a contract which did not provide that the money so paid should be retained by defendant as a forfeiture or liquidated damages in event of default on the part of plaintiff, the latter is entitled to recover the full amount so paid unless the defendant has sustained damages by the breach of the contract.

6. ———: **Breach: Damages.** The measure of damages for the breach of a contract for the purchase of land is the difference between the contract price and the value of the land on the day that the contract should have been completed.

Appeal from the Morgan Circuit Court.—*Hon. Wm. H. Martin,* Judge.

REVERSED AND REMANDED.

*Sangree & Bohling* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action. It does not allege performance or an offer to perform the agreement on the part of respondent. Respondent's agreement to pay and appellant's agreement to convey were concurrent and dependent conditions, and performance, or an offer to perform, by respondent was essential to put appellant in default and lay the foundation for an action for damages or to enforce performance. Guthrie v. Thompson, 1 Ore. 353; Lane v. Marshall, 17 Maine 232; Leard v. Smith, 44 N. Y. 618; Irvin v. Bleakley, 7 Pa. St. 24. (2) It is not the law that a right of action accrued on the contract in favor of respondent from the mere fact that the appellant withdrew the deed from the bank on the third of January, 1908, and notified respondent he would give him till the eleventh of January, 1908 to close the deal, if respondent never offered to pay the purchase money. Hauffman v. Hunter, 3 Green (N. J.) 83. (3) At best, the representations by appellant to respondent, that he could borrow the money in Morgan county, from loan agents and trust companies, is a mere matter of opinion as to what might be done in the future, and does

not amount to fraud, which would authorize a cancellation of the contract, if found it could not be done. Weik v. Advertising Co., 109 Mo. App. 6; Bretzfelder v. Waddell, 122 Mo. App. 462; Brown v. Mining Co., 194 Mo. 681. (4) The written contract, after its execution could not be changed without a valid consideration. Henning v. Insurance Co., 47 Mo. 425; Merrill v. Trust Co., 46 Mo. App. 236; Holloway v. Insurance Co., 48 Mo. App. 1. (5) Where a vendee paid part of the purchase price of land under an oral agreement to convey upon payment of the remainder, is not entitled to recover the amount paid, on the ground that the vendor was unable or unwilling to convey without showing tender of the amount still due. Laffey v. Kaufman, 66 Pac. 417; Crews v. Garno, 14 Mo. App. 505; Galway v. Shields, 66 Mo. 313; 2 Warvelle on Vendors, sec. 930; Hunt on Tender, sec. 12 and notes.

*A. A. Knoop* and *Wray & McVey* for respondent.

(1) The petition in this case states facts sufficient to constitute a cause of action. Respondent alleges, in his petition, that upon his arrival in Versailles, Missouri, on January 1, 1908, appellant notified him that he (appellant) would not be bound by the terms of their contract, and would not deliver to respondent the deed in escrow in the First National Bank. Where it is obvious from the statements of the vendor that he will not fulfill his part of the contract, the vendee is thereby entitled to treat the contract as broken and sue without averring an offer or readiness to perform, and all necessity of tendering the purchase money and demanding a deed are thereby waived. Mfg. Co. v. McCord, 65 Mo. App. 507; Mastin v. Grimes, 88 Mo. 489. (2) There is nothing prejudicial to appellant in instruction No. 1. Before he is entitled to complain of an instruction it must be prejudicial in some respect. This instruction in no way enlarges or varies from the pleadings, except to impose additional burdens upon the respondent, of

which appellant cannot complain.   But if there was a material variance or departure from the pleadings appellant was a co-offender in this respect and cannot complain.   McKinstry v. Transit Co., 108 Mo. App. 12.   (3) A judgment should be affirmed although illegal evidence has been received, or other error committed, if, upon the whole record it is absolutely clear that the judgment is for the right party, and the error could not have affected the result of the trial. Levels v. Railroad, 196 Mo. 618; Railroad v. Sloop, 200 Mo. 198; Foster v. Railroad, 112 Mo. App. 67; Smith v. Railroad, 122 Mo. App. 85; Bradner v. Powder Co., 115 Mo. App. 102.   Under all the facts in this case the judgment of the trial court should be affirmed.

JOHNSON, J.—Plaintiff sued to recover five hundred dollars paid defendant on the purchase price of a farm in Morgan county.   Defendant, by his agents, entered into a written contract, by the terms of which he agreed to sell and convey the farm to plaintiff for the price of six thousand seven hundred dollars, but the sale was not consummated and each party claims the other was at fault.   Plaintiff prevailed in the trial court and the cause is here on the appeal of defendant.   The contract which was signed by plaintiff and the agents of defendant on August 23, 1907, provided that defendant and his wife should execute a warranty deed and deposit it in a bank in Versailles.   Defendant was to forward an abstract of title to the bank in the town in Wisconsin where plaintiff lived and on examination of the abstract and approval of the title by plaintiff, the abstract was to be returned to the Versailles bank and plaintiff was to deposit $500 in the latter bank to be delivered to defendant's agents.   The warranty deed was to be held by the bank until January 1, 1908, on which date the remainder of the purchase price was to be paid by plaintiff to the bank and the deed was to be delivered to plaintiff.   Possession of the land was to be

given on the date just mentioned. There was a mortgage of $2,000 on the farm and the option was given plaintiff of paying the whole of the purchase price or of assuming the mortgage and paying the remainder.

Such were the main provisions of the written contract. Plaintiff claims, however, that sometime after this contract was signed, he had a conversation with defendant in which he stated that he did not have enough money to pay the whole of the purchase price and would be compelled to borrow money on the farm. He had made the first payment of $500, and had about $2,100 more to pay on the purchase price. Defendant told him not to attempt to borrow the money in Wisconsin, and that defendant would procure the necessary loan for him from a loan company in Versailles. Plaintiff accepted this proposition and relying on it shipped his goods and live stock from Wisconsin to Versailles where he arrived late in the afternoon of January 1, 1908, the date named in the contract for closing the sale. Defendant met him at the train and helped him unload his live stock and goods. During that evening, defendant told plaintiff that his agents had misrepresented to him the price at which they had sold the farm and informed plaintiff that he would not close the transaction unless he could get more money than his agents proposed to give him. Negotiations ensued covering a period of several days, the purpose of which on the part of defendant was to obtain a substantial concession from his agents on their commission. The negotiations failed and on January 3rd defendant went to the bank and obtained possession of the deed. Becoming convinced that defendant would not close the sale on the terms of the contract, plaintiff bought another farm on the 9th or 10th of January and brought this suit to recover the $500 he had paid on the purchase price.

The evidence adduced by defendant discloses an entirely different state of facts from that above stated which is gathered from the evidence of plaintiff. The

defendant admits that he complained to plaintiff that his agents had deceived him, but denies that he refused to consummate the sale unless they would surrender part of their commission. He denies that he had agreed with plaintiff to procure him a loan on the land and states he was ready and willing to perform his part of the contract but plaintiff was unable to perform his part on account of his lack of sufficient money and of his inability to obtain a loan on the farm.

If the rights of the parties are to be measured only by the terms of the written contract, it is clear that plaintiff—not defendant—broke the contract. The covenants for the delivery of the deed and for the payment of the purchase money were dependent covenants and the obligation was on plaintiff to pay or tender to defendant the purchase money on January 1st—the date fixed by the contract for the consummation of the sale. [Lane v. Marshall, 17 Me. 232; Guthrie v. Thompson, 1 Ore. 353; Leard v. Smith, 44 N. Y. 618; Irvin v. Blakely, 7 Pa. St. 24.]

Plaintiff invokes the rule that "where the promisor before the time of performance expressly renounces his contract, the promisee is thereby entitled either to treat the contract as broken and sue at once for its breach without averring an offer or readiness to perform, or he may wait until the time of performance has expired, and then sue for the consequences of non-performance." [Manufacturing Co. v. McCord, 65 Mo. App. 507, and cases cited.]

We do not think this rule has any application, for the reason that there is no evidence that defendant renounced the contract before the time for the performance. He did declare—so plaintiff says—that he would not perform the contract unless he received a part of the agent's commission, but this declaration was made on the last minute of the last day for the performance of the contract and under conditions that made it impotent. All plaintiff had to do was to go to the bank where

the deed was held, pay the purchase money and get the
deed. He did not do this, for the simple reason that he
did not have the money. The alleged renunciation did
not occur until plaintiff himself was confronted with
his obligation to perform and had shown his inability to
discharge that obligation.

But plaintiff argues that he was ready and willing
to perform the contract as modified by the subsequent
oral agreement, and that defendant must be held to have
defaulted because of his failure or refusal to provide a
loan for the completion of the payment of the purchase
price. "Parties may by a subsequent parol agreement
upon a sufficient consideration change the method or
terms of their written contract." [Henning v. Insur-
ance Co., 47 Mo. 425.] The weakness of plaintiff's posi-
tion is that the oral agreement was entirely without
a consideration to support it. The written contract im-
posed no duty on defendant to procure a loan for plain-
tiff, but did impose on plaintiff the obligation to pay
the purchase price on January 1st. The offer of defend-
ant was purely voluntary since he had the right to de-
mand compliance by plaintiff with the contract. Plain-
tiff did not promise anything in return for the proffered
service and we perceive no ground for the contention
that there was a consideration. The promise must be
regarded as a mere *nudum pactum*.

The learned trial judge appeared to think defend-
ant might be held on the ground of estoppel; that since
his promise induced plaintiff to change his course, de-
fendant should not be heard to repudiate the promise
when it became too late for plaintiff to help himself.
The defect of this view is that it justifies plaintiff in
having relied upon a mere naked promise. Plaintiff is
presumed to have known that the promise was not en-
forcible, since every man is presumed to know the law,
and he had no right to trust the word of a man with
whom he was dealing at arm's length, especially when
that man was an utter stranger to him. The law re-

quires a person to act with reasonable prudence and diligence in his business affairs, and will not protect one who negligently fails to protect himself. It is unfortunate for plaintiff that he trusted the word of a stranger, but he has no one to blame but himself if his confidence was misplaced. There is no question of estoppel in this case.

It does not follow from the views expressed that plaintiff necessarily must lose the $500 that he paid on the purchase price. The contract does not attempt to provide for the retention by defendant of the down payment as a forfeiture or as liquidated damages for the breach of the contract by plaintiff and if defendant suffered no damages on account of the breach, plaintiff, under proper pleadings, would be entitled to recover the full amount of the payment. If defendant suffered damages, he would be entitled to offset them against plaintiff's demand, and the measure of his damages would be the difference between the contract price and the market value of the land on January 1, 1908.

The judgment is reversed and the cause remanded.