GEORGE E. SNYDER, Respondent, v. E. T. BETKER and EDLING-ADCOCK REAL ESTATE COMPANY, Appellants.

Kansas City Court of Appeals, June 28, 1911.

RESCISSION: Contract for Sale of Real Estate: Covenant Against Liens: Sufficiency of Tender of Performance of Contract. Plaintiff contracted with defendant Betker for the purchase of a piece of real estate subject to a mortgage of $3000, and free and clear of all other liens, and paid $500 as earnest money. Other liens existed against the property: plaintiff demanded that these be cleared up at once. Defendant agreed to clear them up on consummation of the contract, but not before. Plaintiff thereupon

sued to cancel the contract and for a return of the earnest money. Whether a covenant against liens is to be regarded as a condition precedent or as a dependent condition is to be determined by giving effect to the mutual intention of the parties, and the intention of the parties in this case as evidenced by their contract was that the covenant was dependent on the payment of the purchase price, and in the absence of a tender of performance by plaintiff or a waiver of such tender by defendant, or sufficient proof of fraud in procuring the making of the contract, plaintiff was not entitled to a rescission, and therefore not entitled to a return of the earnest money.

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas*, Judge.

REVERSED.

*William Moore* for appellants.

The admitted facts as to the title to the property sold by Betker and the admitted customs of real estate transactions in Kansas City, did not require Betker to pay off mortgages and taxes unless Snyder would agree to take the property. Obligations of the seller and of the purchaser are concurrent and dependent. An offer to perform by either party is necessary to put the other party in default and lay the foundation for an action. Davis v. Barada-Ghio Real Estate Co., 115 Mo. App. 327; Scannell v. Soda Fountain Co., 161 Mo. 614; Greffert v. William, 114 Mo. 106; Rozier v. Graham, 146 Mo. 352; Michner v. Holmes, 117 Mo. 185.

*Atwood, Hill* and *Bryant* for respondents.

The undisputed evidence in this case shows that respondent never waived any of the defects of title, and upon the failure of appellants to perfect the title, he had the right to have said contract rescinded and his deposit returned to him. Parsons v. Kelso, 141 Mo. App. 369; Ives v. Kimlin, 140 Mo. App. 293.

JOHNSON, J.—This is an action to recover earnest money paid by plaintiff under the terms of a

contract for the purchase of real estate made by plaintiff with the defendant Betker, the owner of the property. The purchase was not consummated and in the first count of his petition plaintiff based his cause of action on an alleged breach of the contract by defendant. In a second count plaintiff sought a cancellation of the contract on the ground that it was procured by false and fraudulent representations of defendant. The court found against plaintiff on the second count—we think properly—but gave judgment for him on the first count, in which it was adjudged that plaintiff recover the amount of the earnest money paid by him. Defendants appealed.

The defendant Real Estate Company acted as the agent of defendant Betker in the transaction and received the initial payment made by plaintiff at the time the contract was signed. The subject of the transaction was a house and lot in Kansas City on which there was a first mortgage of $3000. In the contract, plaintiff bought the property subject to this mortgage and agreed to pay defendants $4500, as follows: $500 down, the receipt of which was acknowledged; $250 on the delivery of the deed and to execute his note for $3750, secured by a second mortgage on the property. The contract contained the following agreements:

"The seller agrees to furnish, within ten days from date hereof, at the office of his agent  making this sale, a complete abstract of title to the property, certified by competent abstracters from U. S. government, to this date, including certificates in full, as to taxes, judgments or other liens.

"The buyer to have ten days for the examination of the abstract and report to the seller any defects in the title. If the title is found to be defective, the seller agrees to have the same rectified within a reasonable time, which is not to exceed thirty days from the date of written notice of such defects; but in case such

defects in the title be not remedied within that period; and no extension of time is had between the parties hereto, this contract shall be null and void, and the money deposited aforesaid shall be returned to the buyer, and the abstract to the seller.

"If, after such correction (if any required) as seller shall be able to make, it is found that the seller has good title in fee to the property he agrees, upon the receipt of the remainder of the full consideration as hereinbefore set forth, to deliver to the buyer, or order, a good and sufficient deed thereto, duly executed, conveying good title to the property, free and clear of all taxes and encumbrances whatsoever now thereon except the first mortgage or three thousand dollars as stated above.

"All policies of insurance in board companies now on the buildings and improvement on said property shall be assigned to the buyer upon payment of the pro rata value thereof, based upon present insurance rates, and the buyer agrees in addition to the consideration above stated, to pay said value therefor.

"If upon such delivery of deed or tender thereof, the buyer fail to comply herewith on his part by paying or delivering as hereinbefore stipulated, the remainder of the purchase price or consideration, the money deposited as aforesaid shall be forfeited by the buyer; and upon such forfeiture, this contract may or may not be thereafter operative, at the option of the seller."

Pursuant to the terms of this contract an abstract of title was delivered to plaintiff and examined by his attorney. It was found that the property was encumbered by a second mortgage of $1000 and some taxbills. Some minor defects were noted by plaintiff's lawyer in his letter of requirements but these were rectified to the satisfaction of the lawyer and nothing remained for defendant Betker to do but to clear the property of the second mortgage and taxbills. De-

fendants did not discharge these incumbrances in the period allowed by the contract for the rectification of defects in the title but claimed, and still claim, that they were willing and ready to clear the property and to deliver a deed conveying a good title, free from all incumbrances except those provided for in the contract. Plaintiff appears to have become dissatisfied with his bargain and, during the last stage of the transaction, exhibited a strong disinclination to consummate the purchase. His chief complaint was that the agent had falsely represented that a certain drive way was on the lot when, in fact, it was on an adjoining lot. The trial court found that no false representations had been made and we think the court should have found, also, that plaintiff had no cause of action on account of the alleged breach of contract. The cause pleaded is in equity for a rescission of the contract and for the recovery of the earnest money. In such cases the right to a money judgment for the earnest money is made dependent on the establishment of an equitable right to rescind the contract and if the claim of the latter right falls, the dependent right falls with it.

It does not appear in evidence nor is it claimed that plaintiff tendered performance of the contract at any time before the commencement of this suit, nor is any offer to perform tendered in the petition. It is the theory of plaintiff that the obligation of the owner to clear the property of the incumbrance was a condition precedent and that the failure of the owner to perform that condition relieved plaintiff of any obligation to tender payment of the purchase price. The question of whether or not a covenant of the vendor is to be regarded as a precedent or as a dependent condition is to be solved by giving effect to the mutual intention of the parties and such intention is to be gleaned from their written contract. Unquestionably the contract contemplated that defects in the title should be corrected before any obligation of plaintiff

to pay the purchase price would arise and, therefore, the obligation of the vendor to rectify such defects must be treated as a condition precedent. But the language of the contract convinces us that the parties intended that a distinction might be observed between defects that impaired the soundness of the fee simple title and mere incumbrances. The delivery of the deed by the vendor and the payment of the purchase price by the vendee were intended to be coincident and, therefore, were dependent covenants, and the only obligation imposed on the vendor with reference to the discharge of incumbrances was that he should deliver a deed conveying good title. . . "free and clear of all taxes and incumbrances." How can it be said that the parties intended anything else than that the vendor would perform his full duty if he tendered the satisfied and released mortgage and taxbills when he tendered his deed? Clearly the obligation of the vendor to tender a good deed conveying the property free from incumbrances did not contemplate that such incumbrances should be discharged and released before the delivery of the deed and it must follow that the obligation of the vendor with respect to incumbrances and the obligation of the vendee to pay the purchase price were mutually dependent conditions.

The rule is well settled that where the covenants of the vendor to convey a good title and of the vendee to pay the purchase price are dependent, a cause of action will not arise in favor of either party without a tender of performance by him or a waiver of such tender by the other party. [Norris v. Letchworth, 140 Mo. App. 19; Davis v. Real Estate Co. 115 Mo. App. 327; Scannell v. Soda Fountain Co., 161 Mo. 614; Greffert v. William, 114 Mo. 106; Rozier v. Graham, 146 Mo. 352; Mitchner v. Holmes, 117 Mo. 185.]

Plaintiff's failure to tender performance is fatal to his right to rescind the contract and it follows that the judgment must be reversed. All concur.

CASES DETERMINED·

BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1911.