PIONEER GOLD MINING COMPANY, Appellant,
v. ELIZABETH PRICE, Respondent.

Kansas City Court of Appeals, May 3, 1915.

1. **MONEY HAD AND RECEIVED: Contracts: Purchase of Real Estate.** This action is for recovery of money plaintiff paid defendant on the purchase price of a farm, which defendant sold to plaintiff and agreed to convey upon the payment in full of the purchase price with interest on the deferred payments. The contract of sale was dated December 6, 1909, and acknowledged the receipt of $2080.23 on the purchase price, the remainder to be paid in quarterly installments of $200 each beginning ninety days after January 1, 1910. No mention was made of any encumbrance or liens. Five days before the date of the contract the defendant encumbered the land with a deed of trust for $2000, payable in five years. The plaintiff made several payments, but learning of the encumbrance, gave defendants possession and brought this action. *Held*, that the petition states no cause of action for money had and received and the objection to the introduction of evidence was properly sustained.

2. ————: ————: ————. The stipulation in a contract for the delivery of the deed conveying a fee simple title to plaintiff and for the payment of the purchase money were dependent covenants and a cause of action could not arise in favor of either party without a tender of performance by him, or a waiver of such tender by the other party.

3. ————: ————: ————. One is not justified in assuming that a deed of trust placed the maker in a position where she or he could not and would not deliver a deed conveying the land discharged of the encumbrance, in response to his or her tender of performance.

4. ————: ————: ————. If a vendor rescinds an agreement expressly or impliedly he can derive no benefit directly or

indirectly from it and should place the vendee *in statu quo* by returning the purchase money received. As long as the contract is in force no cause of action for money had and received can be maintained.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*John V. Goodson* for appellant..

*Dan R. Hughes* and *John R. Hughes* for respondent.

JOHNSON, J.—The trial court sustained defendant's objection to the introduction of evidence on the ground that no cause of action is stated in the petition and, on the refusal of plaintiff to plead further, entered judgment for defendant. Plaintiff appealed. The action is for the recovery of money plaintiff paid to defendant on the purchase price of a farm in Macon county which defendant sold to plaintiff for $8000 and agreed to convey upon the payment in full of the purchase price, with interest at seven per cent per annum on the deferred payments. The contract of sale which was entered into December 6, 1909, contained an acknowledgment by defendant of the receipt of a down payment of $2080.23, on the purchase price and required plaintiff to pay the remainder in quarterly instalments of $200 each, beginning ninety days from January 1, 1910. It gave plaintiff the privilege of paying all of the purchase price on, or before January 1, 1911, or of paying fifty per cent in that period and the remaining fifty per cent on or before January 1, 1912. Time was not made of the essence of the contract nor was any provision made for terminating the contract and liquidating damages in case plaintiff should fail to pay the quarterly instalments as stipu-

lated. It was provided that "on payment of the purchase price as above, the said first party (defendant) agrees to execute a deed to said second party" and "that said second party is to have possession of said premises during the pendency of this contract and may farm or mine thereon."

No mention was made in the contract of any incumbrances or liens on the land and the obligation assumed by defendant was to convey the fee simple title to plaintiff free of incumbrances when the purchase price was paid in full either in the time and manner required or in the shorter optional periods.

Five days before entering into this contract defendant incumbered the land by deed of trust securing the payment of a loan of $2000, which by its terms matured in five years. Plaintiff alleges that it had no knowledge of this incumbrance until some time early in the fall of 1911, and that "when it became aware of said incumbrance it ceased to make payments toward the purchase price of said property and demanded of defendant the return of all payments made but the defendant refused and still refuses." Further plaintiff alleges that "the defendant on or about the 7th day of February, 1912, retook possession of the said eighty acres, exercising ownership and control thereof and that defendant continues to exercise ownership over same, enjoying the rents and profits therefrom." Plaintiff was in possession of the land from the date of the contract until it voluntarily surrendered possession to defendant on February 7, 1912, and during the year 1910 made payments amounting to $578 on account of the quarterly instalments of $800 which matured in that year. In the following year payments amounting to $381 were made, the last on August 11, 1911. It was shortly after the latter date that plaintiff learned of the deed of trust on the land and declared a rescission of the contract and returned the land to

defendant's possession, but we infer from the petition that plaintiff had constructive notice of that incumbrance.

The theory of the petition is that the deed of trust deprived defendant of the power to perform the contract and constituted a breach of the contract which gave plaintiff the right to rescind and recover the payments made on the purchase price which amounted, in all, to $3039.23. The petition discloses that before its alleged discovery of the incumbrance plaintiff, from the first, had breached the conditions of the contract relating to the quarterly payments and, at the time it ceased to pay, was in arrears. Before declaring a rescission and demanding a return of the purchase price payments, plaintiff did not tender performance of the contract and demand a deed conveying the land discharged of the incumbrance, nor is such tender made in the petition. Defendant at no time agreed to rescind the sale unless such agreement may be implied from her acceptance of the possession of the land. She is standing on the contract, claiming that she has not breached it and that plaintiff has no cause of action for the recovery of money had and received by her on account of the sale of the land.

The stipulation in the contract for the delivery of the deed conveying a fee simple title to plaintiff and for the payment of the purchase money were dependent covenants and a cause of action could not arise in favor of either party without a tender of performance by him, or a waiver of such tender by the other party. [Norris v. Letchworth, 140 Mo. App. 19; Snyder v. Betker, 159 Mo. App. 325; Webb v. Steiner, 113 Mo. App. 489; Montgomery v. Wise, 138 Mo. App. 176; Davis v. Real Estate Co., 115 Mo. App. 327; Scannell v. Soda Fountain Co., 161 Mo. 1. c. 614; Greffet v. Willman, 114 Mo. 106; Rozier v. Graham, 146 Mo. 352; Mitchner v. Holmes, 117 Mo. 185.]

189MA3

Plaintiff was not justified in assuming that the deed of trust placed defendant in a position where she could not and would not deliver a deed conveying the land discharged of the incumbrance, in response to plaintiff's tender of performance. [Snyder v. Betker, supra; Davis v. Real Estate Co., supra; same case, 145 Mo. App. 28.] She was not required to procure a discharge of that lien until the time arrived for her to deliver the deed and the mere fact that the lien, by its terms, had not matured, did not absolutely preclude her from procuring its release to enable her to perform her covenant. Grant that she could not have compelled her creditor to accept payment of the note and release the lien before maturity, still there was nothing to prevent her creditor from voluntarily accepting payment and plaintiff could not know whether or not she would perform her part of the dependent covenants without formally tendering performance of its part. She had not refused performance and plaintiff had no right to jump to the conclusion that she would refuse.

Plaintiff had no ground on which to declare a rescission of the contract and the mere fact that defendant accepted its voluntary surrender of the possession of the land did not imply an agreement of defendant to rescind the sale. Plaintiff was in default —had breached the contract in not making the stipulated payments and that breach entitled defendant to take possession. She had the option either to rescind or to stand on the contract and she chose the latter position which gave her the right to keep the money she had received and to hold plaintiff for the remainder of the purchase price. [Norris v. Letchworth, 167 Mo. App. 553.] If defendant had elected to rescind we would hold, as we did in the case just cited, that in an action for money had and received, plaintiff would be entitled to recover the money it had paid on

the purchase price, less the damages defendant had sustained on account of plaintiff's breach of the contract, but since defendant has chosen to abide by the contract, she is entitled to have it enforced and plaintiff cannot be allowed to put forth its own wrong in breaching the contract as a ground for forcing a rescission upon defendant. As is well said in Sanders v. Brock, 230 Pa. St. 1. c. 609: "It may be conceded that if the defendant (vendor) rescinded the agreement expressly or impliedly, he can derive no benefit directly or indirectly from it and should place the plaintiff *in statu quo* by returning the purchase money received from him," less, of course, the damages. he has sustained by the vendee's breach of the contract, but that in cases where the vendor elects to abide by the contract "it would be an alarming doctrine to hold that the plaintiffs (vendees) might violate the contract and because they choose to do so, make their own infraction of the agreement the basis of an action for money had and received." As long as the contract is in force no cause of action for money had and received could exist. Such cause arises only in instances where the contract of sale is properly rescinded. It is clear that the petition states no cause of action for money had and received and the objection to the introduction of evidence was properly sustained.

The judgment is affirmed.

All concur.