MANCIL SIMS, Respondent, v. DENNIS SPELMAN, Appellant.

Kansas City Court of Appeals. June 13, 1921.

1. PLEADING: Actions: Demurrer: Misjoinder: Whether Joinder of Cause of Action on a Contract and One on Quantum Meruit is Improper Depends on Particular Circumstances. Where a petition sets out two causes of action, one count on an express contract and

Sims v. Spelman.

one on *quantum meruit*, whether there is misjoinder will depend on the elements of each individual case.

2. ———: ———: ———: ———: Action for Breach of Incompleted Contract, May be Joined With One on Quantum Meruit. Where a petition sets out two causes of action, one count alleging a failure to perform a contract on the part of the defendant, and the second count asking for a return of money paid to the defendant, *held*, not inconsistent with each other and that such counts could be joined.

3. DAMAGES: Measure: Contracts: Measure of Damages for Breach of Contract is Loss Sustained. The measure of damages for the breach of a covenant is the loss sustained by the injured party.

4. CONTRACTS: Performance: Pleading: Cause of Action: Under an Agreement to Convey Land, Tender of Performance not Necessary Where There is Readiness, Willingness and Ability to Perform. Where in a contract to convey realty, there are mutual covenants, before the vendor can declare the vendee in default, he must be ready, able and willing to perform, himself, and where it is pleaded by the vendee, that he was ready, able and willing to perform, and actual performance has been prevented or expressly waived by the vendor, a good cause of action is stated.

5. TRIAL: Instruction: Instruction for Plaintiff Held not Inconsistent with Instructions for Defendant. Where the covenants were mutual, an instruction for plaintiff which told the jury that they should find for plaintiff, if under the evidence, the plaintiff was ready, able and willing to pay cash balance, provided defendant had delivered to plaintiff the abstract of title, and a warranty deed to the property, is not inconsistent with an instruction for the defendant telling the jury, that the defendant was under no obligation to furnish an abstract of title, until the plaintiff was ready, able and willing to pay the balance of the purchase price.

6. ———: ———: Instruction as to Waiver of Date of Performance not Inconsistent with Plaintiff's Instructions. An instruction, leaving the matter of waiver of the date of performance to the jury, is not inconsistent with an instruction telling the jury to find for the plaintiff, if at the time of performance he was ready, able and willing to pay the balance of the purchase price, provided defendant deliver to plaintiff abstract of title and warranty deed, as the question of waiver of date of performance is solely a matter for the jury's determination.

7.. ———: Words and Phrases: ''Merchantable Title'' not a Technical Phrase and It is not Error to Fail to Define Same for Jury. The term "merchantable title" is not a technical phrase and it is not error to fail to define the term to the jury.

Sims v. Spelman.

8. ———: ———: Where the Question as to Whether Title was Merchantable was not an Issue Before the Jury, There Was no Error in Failing to Define Phrase "Merchantable Title." Where it was admitted that there were two deeds of trust against the property in question, it may be concluded that a merchantable title was not tendered, and the question as to whether title was merchantable was not an issue before the jury, and there was no error in failing to define the phrase.

9. ———: Argument to Jury: Argument of Plaintiff's Attorney to Jury Held not Objectionable Under His Theory of the Case. Where the plaintiff tried his case on the theory that there has been a failure to perform a contract to convey realty on the part of the defendant, there was no error in refusing to sustain defendant's objection to the argument of plaintiff's attorney that there had been a default on the part of the defendant, as plaintiff's theory was supported by substantial evidence.

10. VERDICTS: Actions: A General Verdict on One Count and Failure to Return Verdict on Other Count is Not Error, Where Two Counts Arose Out of Same Transaction. Where a petition is in two counts, both growing out of the same transaction, one on express contract and one on *quantum meruit*, and the jury returns a verdict on one count only, it is equivalent to a verdict for the opposing litigant on the other count, and the failure of jury to return a verdict on the other count is not error, though such general verdict would have been erroneous, if the causes of action were different.

Appeal from Circuit Court of Boone County.—*Hon. David H. Harris*, Judge.

AFFIRMED.

*Don C. Carter* for appellant.

*McBaine & Clark* for respondent.

ARNOLD, J.—This suit grows out of a real estate transaction between plaintiff and defendant whereby defendant Spelman, Omar D. Gray and C. M. Robinson sold to plaintiff a farm of 233 acres in Audrain county, Mo., known as the Larrabee farm. There was a written contract entered into between plaintiff and defendant.

The parties to the contract live at Sturgeon, Boone county, Mo. Plaintiff, at the time of the execution of the contract in question, was in the stock feed business. Defendant Spelman is president of the Bank of Sturgeon; Robinson is a farmer and resides on his farm at the outskirts of Sturgeon, and Gray is editor and proprietor of a newspaper, the Sturgeon Leader. Defendant Spelman, Robinson and Gray, in the years 1919 and 1920, were associated in the business of purchasing and selling real estate in that vicinity. In this capacity they came into possession of and owned the Larrabee farm in Audrain county, lying just across the line from Boone county. The title to the farm was in Spelman, for convenience in the matter of conveyance. The contract in question was signed by Sims and Spelman and the latter, accordingly, was named as the only defendant in this suit.

About September 8, 1919, plaintiff approached Spelman, Gray and Robinson about the purchase of the Larrabee farm, and stated that he would purchase same from them, providing they would accept as part payment therefor plaintiff's buildings and lots and stock in trade in Sturgeon, plaintiff paying the difference of $22,000, less the invoice of his stock in trade amounting to $611.80; leaving a net balance of $21,388.20 to be paid on the purchase price, which amount defendant agreed to carry back on a first mortgage. This left $7,388.20 to be paid in cash on March 1, 1920, the date stipulated in the contract for closing the deal.

Plaintiff experienced some difficulty in borrowing the $7,388.20 for the payment of which on March 1, 1920, he was obligated. In his search for this loan plaintiff approached, among others, Spelman, Gray and Robinson, for the loan, but they could promise him nothing. Plaintiff then told Spelman, Gray and Robinson that he would be unable to close the deal on March 1, as provided in the contract, and was informed that this would be satisfactory to them, and that the deal need not be closed on March 1st.

About 8 a. m. on March 1st plaintiff saw Mr. Gray and asked for the abstract to the farm, which he had not before seen. The abstract was given into the hands of plaintiff and shortly afterwards plaintiff informed Gray and Spelman that he was ready to close the deal, but that there were two deeds of trust on the land unsatisfied and that when they showed him the notes cancelled he would close the deal, and not before. Gray informed plaintiff that the notes could not be paid that day but that this would be done right away, and plaintiff stated the deal was off. Gray that day secured a warranty deed to the farm but could not locate plaintiff until the night of March 1, 1920, when he tendered him abstract of title and the warranty deed, in which said deed two deeds of trust aggregating $9,000 were mentioned and assumed by grantor Spelman in ten days, or sooner if the notes could be gotten from the holders thereof.

Plaintiff refused the tender on the ground that the two deeds of trust were unsatisfied of record, and informed defendant that the transaction was at an end, so far as he was concerned. Plaintiff, in accordance with the terms of the contract, conveyed his Sturgeon property on September 8, 1919, to Spelman who shortly thereafter sold the real estate for $5300, and the stock of feed turned over to him under the contract for $536.80.

On May 19, 1920, plaintiff filed suit against defendant. The original petition was in two counts, the first of which was an action for damages for breach of contract, and the second for money had and received. Defendant demurred and after argument and pending disposition of the demurrer, plaintiff took leave to amend and on October 13, 1920, filed his amended petition. The amended petition also was in two counts, identical with the original, excepting for three new paragraphs added to the first count, declaring in more specific terms as to plaintiff's performance of the contract.

Defendant interposed a demurrer to the first amended petition on the grounds that neither count there-

of stated facts sufficient to constitute a cause of action, and that there was a misjoinder of causes of action in that the first count was for damages for the breach of the written contract, thereby affirming the contract, and the second count being for money had and recieved, thereby rescinding or disaffirming the written contract. The demurrer was overruled.

The first count of the amended petition sets out the contract in full, alleges in detail performance by plaintiff of the terms thereof, and the facts practically as stated above, and defendant's failure to perform the terms of said contract by him to be kept and performed, and states that the reasonable value of the real estate and stock in trade in Sturgeon, Mo., transferred by plaintiff to defendant, is $7,611,80, and asks judgment for said amount.

The second count charges that on September 8, 1919, plaintiff conveyed by warranty deed to defendant lots numbered 1, 2, 3 and 4, in block 42 of the city of Sturgeon, Mo., and also on said date delivered to defendant a quantity of stock feed, and that defendant in consideration of the conveyance to him of the real estate and the delivery to him of the stock feed, above described, agreed and promised to pay plaintiff the reasonable price thereof, and that the same was reasonably worth the total sum of $7,611.80, and prays judgment therefor.

The answer admitted the execution of the contract set out in the petition, denied the breach thereof by defendant, and alleged a readiness, willingness and ability to perform the contract and an offer to do so; and as to the second count admitted the conveyance to him of the real estate alleged to have been conveyed by plaintiff to defendant, and certain stock feed but stated that the same was done under and by virtue of the provisions of the written contract in question, and as a part of the purchase price of the farm; and further stated that defendant was at all times ready, able and willing to carry out specifically the terms of said contract and offered so

to do, if plaintiff would pay the balance of the purchase price.

The reply was a general denial. On the issues thus made the case went to trial to a jury.

At the commencement of the trial defendant objected to the introduction of any testimony by plaintiff on the ground that neither count in the petition stated facts sufficient to constitute a cause of action, which objection was overruled. The verdict was signed by nine jurors and found for plaintiff in the sum of $5,366.80. Defendant appeals.

Counsel for defendant first complains that there was a misjoinder of causes of action in the amended petition, in that they were inconsistent, and that the court was in error in refusing to require plaintiff to elect upon which count he would go to the jury.

Section 1221, Revised Statutes 1919 (sec. 1795, R. S. 1909) provides:

"The plaintiff may unite in the same petition several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they arise out of: First, the same transaction or transactions connected with the same subject of action, or, second, contract, express or implied. . . . But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, and not require different places of trial, and must be separately stated, with the relief sought for each cause of action, in such manner that they may be intelligently distinguished."

21 R. C. L., p. 470 says: "Under the general rule a *quantum meruit* count may be joined with a count founded on express contract; or a count for money had and received with a special count. This general rule is a prevailing one even under the code practice. . . .

The former decisions in this State held that an action on contract and *quantum meruit* could not be joined in the same petition, as stated in Kennerly v. Sommerville,

64 Mo. App. 75. But this holding was reversed by the Supreme Court in Williams v. Railroad, 112 Mo. 463, and in Moore v. Gaus & Sons Mfg. Co., 113 Mo. 98; and it was held that it was proper to unite in the same petition a count on contract and one on *quantum meruit*. However, this may not be considered a hard and fast rule for the reason that the elements of each individual case must determine whether or not the rule applies thereon. Appellant cites many cases apparently holding to the contrary, but from an examination and analysis of them we hold that they do not, in fact, apply to the instant case.

In the case at bar there was no completed contract. Count one of the petition alleges a breach of contract, a failure to perform the contract, which is an entirely different basis of action from one where there is a completed contract and the allegation is one of breach of warranty. The petition in count one pleads that plaintiff performed his contract and that defendant breached the same. The allegations of the second count assume the position that even taking defendant's contention as true, viz., that plaintiff breached the contract, plaintiff is entitled to recover back the amount of money paid to defendant in excess of the damages suffered by defendant for such breach.

In Quigley v. King, 182 Mo. App. 196, the court held that if the "defendant treated such non-performance as a rescission, plaintiffs then would have a cause of action for money had and received and defendant could recover for any damage suffered by him on account of plaintiffs' default."

Where either a vendor or vendee seeks to hold the other for damages for breach of covenant the measure thereof is the loss sustained. [Norris v. Letchworth, 140 Mo. App. 19; 124 S. W. 559.] In Mich Yacht Club v. Busch, 143 Fed. Rep. 929, opinion by Mr. Justice Lurton, it is said: "If the defendants have obtained money which *ex aequo et bono* they ought not to withhold from

the plaintiff, they should refund, and the law implies a promise to that effect."

We therefore rule against defendant's first contention; there is nothing inconsistent in the two counts of the petition, there is no misjoinder, and the court committed no error in overruling defendant's motion to require plaintiff to elect upon which count of the petition he would go to the jury.

Referring to defendant's assignments of error (1) that the first count of plaintiff's petition failed to state facts sufficient to constitute a cause of action, and (2) that defendant's objection to the introduction of any evidence on the first count of plaintiff's petition, on the ground that the same did not state facts sufficient to constitute a cause of action, should have been sustained— our ruling on the first of these will carry with it our opinion on the second.

The petition alleges that plaintiff "fully performed all the matters, things and conditions on his part to be done and performed and that at the date and place of performance (specified in the contract) he was ready, able and willing to perform." The first count also states that by reason of defendant's failure to furnish an abstract of title and warranty deed, plaintiff "was prevented from performing. . . ." The petition further states that prior to March 1, 1921, he had fully arranged to borrow the necessary cash by giving a note secured by a second deed of trust (subject to a $14,000 note and deed of trust) upon the Larrabee farm, and that by reason of the failure of defendant to deliver the deed and abstract, he did not tender the cash payment.

The covenants were mutual, as set out in the contract, and the date fixed for making the transfer was March 1, 1920. Plaintiff in one count of the petition alleges that he was ready, able and willing to perform. The payment of the cash, notes and first mortgage back for balance were to be simultaneous with the delivery of the abstract showing merchantable title. Before defendant

could declare plaintiff in default he (defendant) must be able, ready and willing to perform. Tender of performance is not necessary where there is a willingness and ability to perform and the actual performance has been prevented or expressly waived by the party to whom the performance is due, and this plaintiff pleaded in his first count. We hold that the first count of the petition states a good cause of action, and that the court correctly ruled on defendant's objection to the introduction of evidence in support thereof.

This same reasoning and ruling apply to defendant's assignments of error numbered 5 and 6, i. e. that there was no error in the overruling by the court of the demurrer to plaintiff's evdience on both counts of the petition.

Assignments of error numbered 7 and 9 are based upon the contention that instructions 1 and 2 for plaintiff were inconsistent, conflicting, misleading and prejudicial to defendant. Counsel argues that instruction No. 1 is erroneous because it told the jury to find for plaintiff if they found from the evidence that plaintiff was ready, able and willing to pay the cash balance provided defendant had delivered to plaintiff the abstract of title and warranty deed. This instruction advises the jury of the necessary elements in the case to permit recovery by plaintiff, and follows the theory upon which the case was tried, which said theory was correct under the holdings, supra.

Defendant's position that plaintiff was without his rights in contending that he was unable to borrow the necessary money for the cash payment of $7,388.20, until an abstract showing a merchantable title was furnished him is not well taken. As stated above the covenants were mutual and the performance thereof concurrent, under the terms of the contract. Neither was the delivery of the abstract of title and warranty deed, nor the payment of the cash balance a condition precedent. The position of counsel on this point is not tenable, and the instructions complained of were proper.

Instruction No. 1 for defendant told the jury that defendant was under no obligation to furnish an abstract on March 1, 1920, in order that plaintiff might borrow money thereon with which to pay the cash balance, or until "plaintiff was ready, willing and able financially to pay the balance of the purchase money." The testimony tends to show that plaintiff was ready, able and willing to close the contract on March 1, 1920, and the instruction does not conflict with plaintiff's instructions 1 and 2.

Instruction No. 2 on behalf of defendant refers to the matter of waiver of date upon which the contract was to be closed. The fact as to whether there was such a waiver was solely for the jury's determination, and the instruction is in no way in convict with plaintiff's instructions. And we make the same ruling, for reasons already given, as to instructions 3 and 4 for plaintiff, relative to the uniting of the two counts of the petition.

Defendant further complains that the court erred in failing to define "merchantable title'" as used in plaintiff's instructions. This is not a technical phrase, and an intelligent jury would understand the words without being specially advised of their meaning. It is admitted by defendant that the abstract offered plaintiff by defendant showed two deeds of trust against the property and it may be concluded therefore that a merchantable title was not tendered. As the question of whether the abstract of title was merchantable was not before the jury, there was no error in not defining the term.

Defendant's claim that the argument of counsel for plaintiff was a misstatement of the law is without merit. The contention is based upon the theory of the defendant that defendant was not in default, and that the privilege of performing the covenants of the contract was still open to him. This is not the theory upon which plaintiff tried his case, and he is supported by substantial evidence that defendant was in default. We

conclude it was not error for the court to refuse to sustain defendant's objection to the remarks of plaintiff's counsel in his closing arguments to the jury, and to rebuke counsel therefor.

Finally defendant urges that the court erred in giving instructions as to the form of the verdict, because said instructions were misleading and prejudicial to defendant, and resulted in a disagreement of the jury as to the second count in the petition; and the court erred in accepting the verdict of the jury because the verdict was not responsive to the issues. In support of his contention defendant argues that the jury should have returned a verdict on both counts. We do not think so. The petition is in two counts growing out of the same transaction and a verdict for plaintiff on only one count is equivalent to a verdict for the opposing litigant on the other. Plaintiff, under any circumstances, would be entitled to but one recovery, and a failure to return a verdict on the other count is not error. The court so held in Phillips v. Geiser Mfg. Co., 129 Mo. App. 396.

In Shearer et al v. Hill, 125 Mo. App. 375, 1. c. 383, this court held: "The rule of law is that if there are several counts upon several distinct transactions or causes of action, there must be a separate finding on each count. But where there is but one transaction or cause of action stated in a different way in separate counts, a general verdict is not improper." (Citing cases.)

We find no reversible error in the record. The judgment is for the right party and is affirmed.

All concur.