CONSTRUCTION ENTERPRISES, INC.,
Plaintiff-Appellant,

v.

Gerald M. SCHAEFFER et al.,
Defendants-Respondents.

No. 38909.

Missouri Court of Appeals,
St. Louis District,
Division One.

Feb. 21, 1978.

---

**800**

Charles D. Dalton, Klamen, Summers & Compton, Maureen Swihart, Clayton, for plaintiff-appellant.

Joseph A. Fenlon, Clayton, for defendants-respondents.

SMITH, Judge.

Plaintiff appeals from the judgment of the trial court directing a verdict against it. Plaintiff had sued defendants for breach of contract based upon defendants' failure to complete a contract for purchase of a lot and house.

Plaintiff does not attack the action of the trial court in sustaining defendants' motion for directed verdict. Rather it raises on appeal allegedly erroneous evidentiary rulings of the trial court, which precluded plaintiff from introducing evidence to establish its damages arising from the breach.

The sale contract provided for a purchase price of $23,846 for the lot and house. The house was to be constructed by plaintiff. The structure was completed and defendants refused to complete the contract. Plaintiff's petition sought $5000 as loss of profits. At trial plaintiff sought to introduce a cost sheet of the amount expended to build the house and testimony by the plaintiff's president of the costs and labor in the construction of the property. The court refused admission of this evidence and it is this refusal that plaintiff raises as error here.

■ It is clear in Missouri that the general measure of damages for breach of a contract for the sale of land with a structure thereon is the difference between the purchase price and the fair market value of the property on the date of breach. *Duncan v. Townsend,* 325 S.W.2d 67 (Mo.App. 1959) [3]; *Biggers v. Gonter et ux.,* 54 S.W.2d 783 (Mo.App.1932) [5]; *Norris v. Letchworth,* 140 Mo.App. 19, 124 S.W. 559[5] (1910). No special damages were pleaded. Whether plaintiff would or would not make a profit on the sale, or what its costs were, was irrelevant to the damages which it could recover for breach of this contract. There was no error in the court refusing admission of the evidence complained of and had the evidence been admitted it would not have served to establish plaintiff's damages.

■ Plaintiff also sought to introduce a contract of sale between it and Henry C. Collins, Jr., its president and sole stockholder, for the purchase of the property after the breach. Plaintiff has not raised in this court any claim of error in the trial court's refusal to admit this evidence. Additionally, there was no testimony or offer of proof that such contract reflected the fair market value of the property and in fact plaintiff's offer of proof was that the contract price was arrived at by determining the cost of construction plus overhead. That does not establish fair market value.

There was no evidence offered of plaintiff's damages and the action of the trial court in directing a verdict was correct.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.