THOMAS MURPHY v. THOMAS CRAIG.

*Sale of property by one of two joint owners—Assumpsit—Damages —Partnership—Evidence.*

1. On the *refusal* of one of two joint owners of personal property, purchased under an agreement that it should be sold and the proceeds *equally* divided between them, to make such division of certain corporate stock assigned to him on such sale, an action of *assumpsit* will lie in favor of the *other* owner, in which he may recover as damages for the breach of said agreement the value of one-half of the stock; which value is sufficiently established to warrant a verdict by the uncontradicted testimony of the plaintiff that the defendant admitted that said stock was worth 100 cents on the dollar.

2. The testimony in this case (see opinion) does not show a partnership.

Error to Wayne. (Brevoort, J.) Argued June 14, 1889. Decided July 11, 1889.

*Assumpsit.* Plaintiff brings error. Reversed. The facts, and points of counsel passed upon by the Court, are stated in the opinion.

*W. F. Atkinson,* for appellant.

*Dickinson, Thurber & Stevenson,* for defendant.

CHAMPLIN, J. In 1884, Murphy and Craig made a joint purchase of two boilers and other property. The property was to be sold, and the proceeds divided equally between them.

Soon after the purchase one of the boilers was sold, and they received therefor another boiler, some cash, and a note. The cash and note were properly and satisfactorily divided in a settlement had between the parties a short time after they had disposed of the boiler. Later on defendant, Craig,

sold the other of the boilers originally purchased to the Algonac Salt Company for $1,250 in the capital stock of the company. The boiler was delivered by Craig, and the stock issued to him. The sale was made without the knowledge of plaintiff, Murphy, and, after he ascertained the fact, he requested Craig to deliver to him one-half of the stock, being the proceeds of such sale, which Craig absolutely refused to do. They remained the joint owners of the boiler received on the sale of the first boiler, and some other articles of personal property purchased at the time they purchased the two boilers.

This action was brought in *assumpsit* to recover the damages sustained by the plaintiff by reason of defendant's refusal to divide the proceeds received by him on the sale of the boiler to the Algonac Salt Company.

The declaration contains two special and the common counts.

On the trial the sale of the boiler in question by Craig and his receipt of the stock were fully proven. Plaintiff also testified to a statement or admission of defendant that the stock so received by him was worth 100 cents on the dollar, and that he had received $1,250 in stock. There was other testimony tending to show the value of the stock, and that it was worth its par value.

At the close of the testimony the counsel for plaintiff requested the court to instruct the jury to give a verdict for the plaintiff for the value of one-half of the stock, at $25 a share.

The defendant asked the court to instruct the jury to render a verdict for the defendant upon the ground—

1. That it appeared from the testimony that there was a partnership existing between the parties, which cannot be settled in a suit at law, and at time the demand was made for this stock it was only a part of the joint ownership or partnership property not disposed of.

2. That even though it was not a partnership, they were joint owners of this property, and no recovery could be had in this action until the plaintiff shows that the defendant has sold the property, and received in money or money's worth something for it.

The court directed a verdict for the defendant on the ground that the value of the stock had not been satisfactorily shown; and, further, the declaration being in *assumpsit*, the defendant was entitled to recover.

The court erred. The plaintiff declared for and sought to recover damages in *assumpsit* for breach of the contract entered into, by which it was agreed that the boiler should be sold and the proceeds divided. He showed that the defendant had sold the boiler, and received $1,250 in the stock of the salt company, and under his agreement he was to divide this equally with the plaintiff, which he refused to do. This was a breach of the contract, and the plaintiff was entitled to recover as damages what one-half of the stock was worth. The admission of Craig that it was worth 100 cents on the dollar, which testimony was uncontradicted, was sufficient evidence of its value to authorize a verdict for $625, and interest from the time of the breach. The testimony did not show a partnership between the parties.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.