· LEO FELIX, Respondent, v. W. S. BEVINGTON, Appellant.

### Kansas City Court of Appeals, January 16, 1893.

1. **Contracts:** BREACH: MONEY HAD AND RECEIVED. Defendant sold plaintiff a half interest in his saloon for $500, $200 down, which was paid, $200 to be paid the next day and the other $100 in thirty days. The second $200 was never paid. On the eighth day defendant told plaintiff he would run the saloon himself, whereupon the plaintiff demanded the $200 paid which was refused, and he sued for money had and received. *Held,* he had committed a breach of his contract, that his sickness and attendance in court as shown in the evidence furnished no excuse for the breach, and he was in no condition to defeat the contract by rescission.

2. **Practice, Trial:** DEMURRER. Where at the close of plaintiff's case defendant presents a demurrer, and on its refusal introduces testimony in his own behalf, he takes the risk of aiding plaintiff's case, waives his demurrer and cannot afterwards be heard to complain of its refusal. If his own testimony does not come to plaintiff's relief, he can again demur to the whole evidence, but, if the trial be before the court, he need not demur again, and his failure to do so does not admit plaintiff has a standing on the facts.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED.

*Teasdale, Ingraham & Cowherd,* for appellant.

(1) The buyer, having broken the contract by failing to pay as agreed, has no legal standing in a suit against the seller, because he was himself first in the wrong. Bishop on Contracts, sec. 835; Parsons on Contracts, 812, 813; Bishop on Contracts [Enlarged Ed.] secs. 489, 834, 1349, 1418, 1434, 1440; *Dobbins v. Edmonds,* 18 Mo. App. 316. (2) Respondent tried his case at every turn on the theory that he had rescinded

the contract because of the wrongful acts of appellant. Even if he should be permitted to now change front and assert that his actions were based on appellant's rescission; that is, for the effect of the rescission. (3) As to putting in testimony after demurrer overruled see *Eswin v. Railroad*, 96 Mo. 290; *McPherson v. Railroad*, 97 Mo. 253.

*O. T. Knox* and *J. S. Brooks*, for respondent.

(1)   There is no demurrer to the evidence to be considered by this court in this case, because not reduced to writing and because appellant did not stand upon it; but subsequently introduced testimony in defense and submitted his case to the court for judgment.   *Cadmus v. Bridge & Tunnel Co.*, 15 Mo. App. 86; *McCarty v. Railroad*, 15 Mo. App. 385; *Googer v. Finn*, 10 Mo. App. 226;   *Bolt & Iron Co. v. Buell*, 8 Mo. App. 594.   (2) If the demurrer to the evidence is considered in this court, then it admits the truthfulness of respondent's witnesses, and the truth of their testimony, and the only issue before this court is, whether such testimony entitled plaintiff to recover, and appellant's testimony cannot be considered by this court.   *Pinnell v. Stringer*, 59 Ind. 555; *Nordyke & Co. v. Van Sant*, 99 Ind. 188; *Woodgate v. Threlkeld*, 3 Bibb, 597; *Harris v. Railroad*, 89 Mo. 233; *Buesching v. Gaslight Co.*, 73 Mo. 219; *Frick v. Railroad*, 75 Mo. 595; 2 Thompson on Trials, sec. 2267, p. 1621. (3) If there is no demurrer to the evidence to be considered by this court, then appellant has no standing here, as no declarations of law or instructions were asked by either plaintiff or defendant or given or refused by the court at the trial of the cause.   *Claflin & Thayer v. Burkhart*, 43 Mo. App. 226; *Miller v. Breneke*, 83 Mo. 164; *Lee v. Porter*, 18 Mo. App. 377.

(4) If this court considers appellant's demurrer to the evidence, and includes therein appellant's testimony, it is still of no consequence; because, if it contradicts respondent's testimony, it is waived by the admission of the truth of that evidence. *Hart v. Callaway*, 2 Bibb, 460; *Cunningham v. Snow*, 82 Mo. 587; *DeLaureal v. Kemper*, 9 Mo. App. 77; *Ford v. Cameron*, 19 Mo. App. 467; *Weilandy v. Lemuel*, 47 Mo. 322. (5) *First.* The appellant unlawfully rescinded his contract with respondent, and respondent could sue to recover money paid if he so desired. *Second.* The same rule applies if respondent should have rescinded on account of the unlawful acts of appellant. Bishop on Contracts [Enlarged Ed.] secs. 831, 834; *Fine v. Rogers*, 15 Mo. 315; *Parker v. Marquis*, 64 Mo. 38; *Warren v. Tyler*, 81 Ill. 15; *Bayliss v. Pricture*, 24 Wis. 651; *Brown v. Mahurin*, 39 N. H. 156; *Corl v. Railroad*, 17 Q. B. 127; *Kerr v. Bell*, 44 Mo. 120; *Jarrett v. Morton*, 44 Mo. 275; *Smith v. Busly*, 15 Mo. 387; *Woodward v. Van Hoy*, 45 Mo. 300.

ELLISON, J.—This action was begun before a justice of the peace for money had and received. On appeal to the circuit court plaintiff recovered on trial without instructions.

For the purpose of a proper disposition of the cause it may be stated in a few words as gathered from the testimony of plaintiff himself. Defendant sold to plaintiff one-half interest in his saloon in Kansas City, as well as the lease on the building, for $500. Of this sum $200 was paid at the time, and $200 was to be paid in two days, and a note for $100 executed, due in thirty days. The $200 cash was paid. The remaining $200 was not paid at the time stated, nor has it been since, nor has it been tendered. The excuse given for not paying is that plaintiff took sick a day after the sale and remained

sick several days; that the first day he recovered he was subpœnaed as a witness in court at Kansas City; that when court adjourned on that day he went to defendant at five o'clock in the evening to tell him that he had been detained in court. Other portions of his testimony show that he was about plaintiff's place before this, and told him that he could pay nothing that day as he was sick. The sale was made on Monday, the twenty-fourth of February, and plaintiff states in one portion of his testimony that he was at the place on Tuesday and Wednesday, and at another place he states that it was Monday of the following week when he was in attendance on the court. On that Monday still not having paid or tendered to defendant the money due, he says that defendant told him he would run the saloon himself, and that he thereupon demanded of defendant the $200 he paid at the beginning, which defendant refused, and he thereafter instituted this action before a magistrate.

Allowing to plaintiff's testimony all that can be allowed or reasonably inferred, and it is still hard to make out just how he put in the eight days from the sale till his demand for the return of his money. It is clear that he was not sick during all of the period after he was to have paid the remaining $200, nor was he in court. But, granting that he was either sick or in court, how can that excuse him in a court of law for a breach of his contract? If sickness or the mere matter of being subpœnaed in court would justify the breach of contracts, business would be too precarious for safety. Our opinion is, that plaintiff shows himself without legal excuse for his breach, and that he is, therefore, in default so far as concerns the present action; being in default he is not in the position to defeat the contract by rescission. Bishop on Contracts, secs. 1349, 1418, 1434, 1437.

We will say further, since much stress is put upon the matter in respondent's brief, and since we must disallow his contention, that when defendant demurred to the evidence at the close of the plaintiff's case, and thereafter, on its being refused, introduced testimony in his own behalf, he took the risk of aiding plaintiff's case by such testimony, and practically waived the demurrer, and he cannot afterwards be heard to complain of the refusal. But if his testimony does not come to plaintiff's relief he may if he chooses again demur at the close of the whole evidence. But the cause at bar being before the court without a jury, he need not necessarily again demur. If he does not he will not be held to admit that plaintiff has a standing on the facts. He is entitled to a proper finding on the whole evidence as presented.

The judgment is reversed. All concur.