EDWARD NORRIS, Respondent, v. CHARLES P. LETCHWORTH, Appellant.

Kansas City Court of Appeals, December 31, 1912.

1. CONTRACTS: Rescission: Earnest Money. The rule, that a party to a contract, himself at fault in its performance, cannot maintain an action for its rescission, has no application where the vendor having elected to rescind the contract on account of the default of the vendee, the latter, acquiescing in that action, sues to recover that portion of his part performance of the contract in excess of the damages actually sustained by the vendor on account of his breach.

2. ————: Vendor and Vendee: Breach. A party who has failed to perform his contract may recover the money paid by him in part performance to the extent that his payment was beneficial to the other party and in excess of the damages the latter sustained because of the breach.

Appeal from Morgan Circuit Court.—*Hon. John M. Williams*, Judge.

AFFIRMED.

*Sangree & Bohling, A. L. Ross* and *H. E. Neville* for appellant.

(1) The court erred in overruling appellant's motion in arrest of judgment. The petition does not state facts sufficient to constitute a cause of action. It shows upon its face that the respondent was in default and not the appellant. Webb v. Steiner, 113 Mo. App. 482; Crews v. Garneau, 14 Mo. App. 505; Davis v. Real Estate Co., 115 Mo. App. 327; Bishop on Contracts, Secs. 834, 1418; Felix v. Bevington, 52 Mo. App. 403; Sanders v. Brock, 230 Pa. 609; Whittemore v. Darden, 9 App. D. C. 449; Rounds v. Baxter, 4 Me. 454; McKinney v. Harvie, 38 Minn. 18; Ketchum v. Evertson, 13 Johns. 359; Lawrence v. Miller, 86 N. Y. 131; Utter v. Stuart, 30 Barb. 20; Gallagher v. Dettelbach, 25 Ohio C. C. 342. All the authorities that we are able to find are to the effect that a purchaser under an executory contract to purchase real estate, when he is in default in making his payments without the consent or acquiescence of the vendor has not been mutually rescinded, cannot recover of the latter the amount he has paid on the contract in an action at law. The question that the petition does not state facts sufficient to constitute a cause of action was timely made by the motion in arrest. R. S. 1909, Sec. 1804. This question can be raised for the first time in this court. Paddock v. Somes, 102 Mo. 226; Hoffman v. McCracken, 168 Mo. 337; Hudson v. Calhoun, 193 Mo. 547.

*Amos A. Knoop* and *Wray & McVey* for respondent.

The motion in arrest was properly overruled. The petition alleges facts sufficient to entitle respondent to recover the amount paid by him less any damages sustained by appellant. Norris v. Letchworth, 140 Mo. App. 19; Yacht & Power Co. v. Busch, 143 Fed. 929; McDaniel v. Gray & Co., 69 Ga. 433; Blitch & Newton v.

Edwards, 96 Ga. 606; Phelps v. Brown, 95 Cal. 512; Drew v. Pedlar, 87 Cal. 443; Cleary v. Folger, 84 Cal. 316. Appellant complains that there was no evidence offered in support of the allegation, that upon respondent's failure to make the final payment on January 1, that appellant on January 3 rescinded the contract. That question was not raised nor presented to the trial court and therefore is not available to appellant on appeal, even should the court determine that that was a necessary allegation to respondent's petition. The case was tried on the assumption that the allegations of respondent's petition were true, and having been tried on that theory will be disposed of on appeal the same way. Besides if appellant desired to raise that question he should have done so in the trial court by offering a demurrer to the evidence, none having been offered it is waived.    Chaquette v. Railroad, 152 Mo. 257; Mooneyhan v. Cella, 91 Mo. App. 260.

JOHNSON, J.—Plaintiff sued to recover $500 paid defendant on the purchase price of a farm in Morgan county. The theory of the petition on which the action first went to trial was that defendant had breached the contract thereby giving plaintiff the right to rescind and to recover the money paid by him in part performance. Plaintiff was allowed to recover on this theory but on the appeal of defendant we held that since the evidence disclosed beyond question that plaintiff was at fault in not paying or offering to pay the remainder of the purchase money in the time and manner provided in the contract, he could not recover the money he had paid in part performance in an action founded on the contract. [140 Mo. App. 19.] But that as it appeared in the evidence that the contract did not attempt to provide for a forfeiture nor to treat the down payment as liquidated damages and that defendant, in effect, had declared the contract rescinded immediately after the default of plaintiff, we

further held that plaintiff, in a proper action, would be entitled to recover the sum he had paid in part performance, less the damages suffered by defendant on account of the breach, such damages to be measured by the difference between the contract price and the market value of the land on the date of the default. Accordingly we reversed the judgment and remanded the cause. Plaintiff then filed an amended petition in the circuit court in which he seeks to recover as upon an action for money had and received. The answer to this petition pleads the contract and plaintiff's breach, and by way of counterclaim, defendant, alleging that the difference in the contract price and the market value of the land at the time of the default was a sum greatly in excess of the down payment, prays judgment in the amount of such depreciation.

The only issue of fact contested at the trial was that relating to the value of the land on the date of the default. The evidence of plaintiff tended to show that such value exceeded the contract price and the evidence of defendant was to the effect that, owing to a general financial depression prevailing at that time, the market value of the land was much less than the contract price. This issue was submitted to the jury and was decided in favor of plaintiff. The verdict and judgment awarded plaintiff were for the full amount claimed in his petition. After unsuccessfully moving for a new trial and in arrest of judgment, defendant appealed.

In our former opinion we said: "It does not follow from the views expressed that plaintiff necessarily must lose the $500 that he paid on the purchase price. The contract does not attempt to provide for the retention by defendant of the down payment as a forfeiture or as liquidated damages for the breach of contract by plaintiff and if defendant suffered no damages on account of the breach, plaintiff, under proper pleadings, would be entitled to recover the full amount

of the payment. If defendant suffered damages, he would be entitled to offset them against plaintiff's demand, and the measure of his damages would be the difference between the contract price and the market value of the land on January 1, 1908."

The petition was amended and the cause was tried for the second time in conformity with this view of the law and it is quite clear that the object of defendant in prosecuting this appeal is to obtain, if possible, a reconsideration and reversal of that view. The rule is well settled and springs from the most elemental principles of justice that a party to a contract, himself at fault in its performance, cannot maintain an action for its rescission. To hold otherwise would be to allow a wrongdoer to take advantage of his own wrong. This rule has been recognized and applied in this State in a number of cases. [Felix v. Bevington, 52 Mo. App. 403; Crews v. Garneau, 14 Mo. App. 505; Webb v. Steiner, 113 Mo. App. 482; Davis v. Barada, 115 Mo. App. 327.] But it has no application to cases such as the present where the vendor having elected to rescind the contract on account of the default of the vendee, the latter, acquiescing in that action, sues to recover that portion of his performance of the contract in excess of the damages actually sustained by the vendor on account of his breach.

The cardinal rule in the assessment of damages for the violation of a contract is actual compensation to the injured party. Punitive damages are unknown to the law of private contracts and will not be awarded even when the parties stipulate for them. On what principle, then, may a vendor who has rescinded the contract on account of the vendee's default be allowed to retain punitive damages from the mere fortuitous circumstance that he has received money in excess of his damages paid by the vendee in part performance of the contract? If plaintiff had made no payment before default, defendant, in an action for damages

brought after rescission, would have been limited in his recovery to compensation for his loss and that is all he should be entitled to retain out of the proceeds of plaintiff's part performance. The default of plaintiff afforded defendant a choice of remedies. He was not compelled to rescind the contract but could have recovered from plaintiff the amount due on the purchase price. He did not take this course but elected to rescind and to hold plaintiff for his damages. In so doing he voluntarily restricted himself to compensation for his actual loss and his present contention, which, in effect, is the assertion of a right to punitive damages, is inconsistent with that position.

A single illustration will serve to emphasize the injustice of defendant's contention. The purchase price of the land was $6700. Suppose plaintiff had paid all but $100 and then had breached the contract. He could not have maintained an action based on a purpose to rescind since he would not be allowed to found a cause on his own wrong or to deprive defendant of his choice of remedies, but after defendant had exercised his choice and had elected to rescind, would anyone have the hardihood to argue, in an action brought by plaintiff for money had and received, that defendant could not be compelled to return all of the purchase money paid in excess of just compensation for the loss he had sustained in consequence of the breach? The principle for application in such case is the same whether the part performance is ten or ninety per cent of full performance.

We are aware that authorities may be found and are cited in the brief of counsel for defendant that support his position, but we think the rule we have stated is the only one that can be harmonized with the demands of reason and justice and with the fundamental principle of damages to which we have referred, and we find our views are well supported by authority. The Supreme Court of Georgia say in McDaniel v. Gray, 69

Ga. 433: "The general principle is admitted to be, that where the parties themselves have not agreed and prescribed the right of rescission, and the circumstances under which it is to be exercised, restoration must be made. [8 Am. Rep. 688; 24 Am. Dec. 774.] Does it not follow, then, that these parties should restore to the purchaser the amount of the purchase money paid, less such an amount as would prevent actual loss to them, by reason of the nonperformance of the contract on the part of the purchaser? This appears to us to be the proper rule of law governing the case; and if the amount actually paid had been $850 of the $900 promised, and the vendors had rescinded as they did, it would hardly be claimed that they should be allowed to retain the whole amount of the money and the land besides."

To the same effect are the decisions of the Supreme Court of California in Phelps v. Brown, 95 Cal. 574; Drew v. Pedlar, 87 Cal. 443; Cleary v. Folger, 84 Cal. 316. In McDonough v. Marble Co., 112 Fed. Rep. 634, it is said: "The rule is that a party who has failed to perform his contract in full may recover compensation for the part performed less the damages occasioned by his failure."

The best discussion of the subject we have found in the books is in the case of Michigan Yacht & Power Co. v. Busch, 143 Fed. Rep. 929. In the opinion filed in that case Judge LURTON says, in part:

"While the plaintiff cannot recover upon the contract, he may under the common counts recover the money paid by him in part performance to the extent that his payment was beneficial to the defendants and in excess of the damages they have sustained by reason of plaintiff having breached the contract. If the defendants have obtained money which ex aequo et bono they ought not to withhold from the plaintiff, they should refund, and the law implies a promise to that effect. [Murphy v. Craig, 76 Mich. 155, 42 N. W.

1907; Walker v. Conant, 65 Mich. 194, 31 N. W. 786; Wilson v. Wagar, 26 Mich. 452.]

"If the defendant had sued the plaintiff for breach of the contract, as they might well have done, the measure of damages would have been, first, their outlay and expense in carrying the work as far as they did before the plaintiff set them free, less the value of the structure as far as completed and materials, machinery, etc., bought solely to carry out this contract; second, the profits they would have realized if permitted to complete the boat; third, the value of the use of the Helen while in possession of the plaintiff under the contract. From this should be deducted the money received from the plaintiff on account of the contract. [United States v. Behan, 110 U. S. 339, 4 Sup. Ct. 81, 28 L. Ed. 168; Anvil Mining Co. v. Humble, 153 U. S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814; McElwee v. Bridgeport Improvement Co., 54 Fed. 627, 629, 4 C. C. A. 525.] The defendants did not sue, but have been sued by the plaintiff for the money paid by him in part performance. In justice the defendants have no right to more of this money than will compensate them against loss by reason of plaintiff's conduct. His action is therefore one upon the common counts for money received under an implied promise to pay back that which is in excess of the loss sustained by the defendants by reason of plaintiff's refusal to carry out the contract. It is in the nature of an action upon a *quantum meruit*.

"Instead of having done labor or furnished materials in part performance from which the defendants have benefited, he has furnished money, and it is now well established that a plaintiff may recover to the extent that he has benefited the defendant by part performance of a contract which the plaintiff himself has failed to carry out; his recovery being subject to recoupment by the damages sustained by the defendant."

The suggestion that to allow a delinquent vendee in such cases to recover any portion of the money he has paid in part performance of the contract would affect the stability of contracts and give undue encouragement to the contract breaker, is answered by calling attention again to the elementary principle which makes punitive damages an alien to the law of private contracts. That principle contemplates that the liability to respond in compensatory damages will afford a sufficient protection to the innocent party and that is the only interest the welfare of society demands should be subserved or made the subject of judicial solicitude.

The judgment is affirmed.

All concur. *Ellison, J.,* in a separate opinion.

ELLISON, J.—It is agreed by the parties that the vendee plaintiff paid $500 in cash upon the execution of the contract for the sale of the land and that he was to pay the balance at a certain time when a deed was to be delivered by the vendor defendant. It is stated in the opinion that upon the vendee's failure to make the deferred payment as agreed, the vendor acquiesced and rescinded the contract. On that hypothesis (and the last trial seems to have been on that theory), I agree that he is liable to the plaintiff vendee for the $500 cash payment he received, less whatever his proper damage might be on account of plaintiff's breach by failing to make the remaining payment. McDaniel v. Gray, 69 Ga. 433; Blitch v. Edwards, 96 Ga. 606; Phelps v. Brown, 95 Cal. 572; Drew v. Pedlar, 87 Cal. 443; Cleary v. Folger, 84 Cal. 316.

But I do not agree to an entire approval of the case of Michigan Yacht Co. v. Busch, 143 Fed. 929, as applied to a contract for the sale of land of the character of that at bar. That case was for the building

of a yacht, and there was no rescission by the builders. When the purchaser wrongfully declined to comply on his part, by refusing to make his second payment, the builders telegraphed him: "All work on your boat is stopped, waiting the fulfillment of your part of the contract." That was not a rescinding or abandonment of the contract. Nor do we think it was "an acceptance of the situation," as stated by the court at page 934. The contract in that case was likened to a building contract and I do not like to apply it to one of the nature of that in the present controversy.

In a contract for the sale of land where the vendee has made part payment and breaches the agreement as to further payments, the vendor being ready, and willing to carry out his part of the contract, the vendee being thus at fault, has no right to demand back his prior payments. If he had that right, no stable contract for a land sale could be made. He would be allowed, simply at his own will, to rue his bargain and get back his money. Sanders v. Brock, 230 Pa. St. 609; Ketchum v. Evertson, 13 Johns. 359; Hudson v. Swift, 20 Johns. 24; Lawrence v. Miller, 86 N. Y. 131; Rounds v. Baxter, 4 Me. 454; McKinney v. Harvie, 38 Minn. 18; Green v. Green, 9 Cowen, 46. We announced the same rule as applied to a sale of personal property. Webb v. Steiner, 113 Mo. App. 482. In a contract for the sale of land where the covenants are dependent,—that is, concurrent acts are to be done by the parties, such as the payment of money by the vendee and delivery of a deed by the vendor,—if the vendee alleges a breach of the covenant to convey and brings his action thereon against the other, he must aver and prove a readiness on his part to perform; and it is said in Hudson v. Swift, (just cited) that his "situation is not changed by suing for the money paid. He was bound to show that the contract was rescinded, or that he stood ready, and offered to pay the balance due."

The case does not involve any question of the rem-ery of a vendor who is ready and wishes to carry out the contract, but whose vendee has defaulted, and it need not therefore be discussed.