DUDLEY SHAW, Appellant, v. E. L. RICHARDS (Revived in the name of VIOLA RICHARDS, his Administratrix), Respondent.

Springfield Court of Appeals, January 14, 1922.

1. **TRIAL: Verdict for Plaintiff for Amount Sued for and Defendant for Equal Amount on Counterclaim, Held Erroneous as Inconsistent.** In a suit to recover a part payment on a farm, where defendant's answer alleged· that, by reason of plaintiff's failure .to pay the balance, defendant was compelled to sell the land at a loss equal to such part payment, but prayed only "to be discharged with his costs," a verdict for plaintiff in the amount sued for and for defendant on his, "counterclaim" in the same amount was reversible error, being inconsistent.

2. **VENDOR AND PURCHASER: Vendor's Testimony that he Purchased Other Land Depending on Vendee's Paying for that Sold Him, Held Incompetent on Issue of Damages.** In a suit to recover a part payment on a farm, which defendant, on nonpayment of balance, sold to a third party at a loss, defendant's testimony that he had purchased other land and was depending on plaintiff's payment to carry through his other deals was incompetent to show the measure of damages.

Appeal from Circuit Court of Scott County.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*Ward & Reeves* for appellant.

(1) The court erred in the admissibility of testimony: (a) Because not based upon any pleading or issue in this case. Sims v. Dunham, 203 S. W. 652. (b) Because if defendant had not breached the contract and was entitled to damages by way of set off, this is not the measure of damages. Norris v. Letchwood, 140 Mo. App. 19; Norris v. Letchwood, 167 Mo. App. (2) "A plaintiff must put his case

to the jury on the precise case made by his petition and proof, and, while the petition may be broader than the proof, the proof must not be broader than the petition, and the instructions must not be broader than the proof adduced and limited by the petition." Simms v. Dunham, 203 S. W. 652; Eades v. Telephone Co., 199 S. W. 710; Quinn v. Van Raalte, 276 Mo. 71. (3) "An instruction covering the whole case and directing a verdict, should contain every element necessary to recovery." Sutter v. Railway Co., 208 S. W. 251. (4) "A person making a partial payment on parol purchase of land, cannot, upon a failure on his part to complete the purchase, recover the payment made where the seller is willing to make the sale; but if plaintiff's failure to complete his part of the contract is on account of the defendant breaching such parol contract, then plaintiff is entitled to his money back. Scott v. Lewis, 177 Mo. App. 8; Galloway v. Shields, 66 Mo. 313; Lang v. Murphy, 137 Mo. App. 217; Cozad v. Elam, 115 Mo. App. 139; Chamberland v. Lumber Co., 179 S. W. 74. (5) "A plaintiff, who has failed to perform his contract, may recover the money paid by him in part performance to the extent that such payment was in excess of the damages the defendant sustained by cause of plaintiff's breach." Norris v. Letchworth, 167 Mo. App. 553. "But an action of that kind must be based upon a petition which pleads that plaintiff breached the contract and defendant was not damaged, or defendant's damage was less than the amount asked for by plaintiff." Norris v. Letchworth, 140 Mo. App. 19; Norris v. Letchworth, 167 Mo. App. 555-57; Michigan Power Co. v. Burch, 143 Fed. 929. (6) The right to repudiate a contract for the default of the other party thereto cannot be exercised by a party who is himself in unexcused default of performance of the essential covenant thereof. White Oak Fuel Co. v. Carter, 257 Fed. 54, 13 C. J. 614. (a) Where money is paid to bind an oral bargain to deed land under a mistaken understanding that a certain agreement had been arrived at, the party paying is entitled to re-

cover it back. McDonald v. Lynch, 59 Mo. 350; Miller v. Fire Brick Co., 139 Mo. App. 33. (b) Outside of the jury finding that the defendant had breached the oral contract, still, the defendant could not recover anyway for the reason that even if plaintiff had been at fault, and defendant having conveyed the land and wholly failing to show that the reasonable market value was less than plaintiff was paying for it and thereby defendant was damaged, then plaintiff was entitled to his money back.

*Gresham & Blanton* and *Gallivan & Finch* for respondent.

(1) Appellant seeks to convict the court of error in the admissibility of incompetent testimony upon only a general reference to such error in his "motion for a new trial," which he cannot do. Big Parkis Drainage District v. Lama, 199 S. W. 727; Levels v. Railroad, 196 Mo. 618; Railroad v. Sloop, 200 Mo. 198; Foster v. Railroad, 112 Mo. App. 67; Smith v. Railroad, 122 Mo. App. 85; Bradner v. Power Co., 115 Mo. App. 102. (2) The rule is well settled and springs from the most elemental principles of justice that a party to a contract himself at fault in its performance cannot maintain an action for its rescission. To hold otherwise would be to allow a wrongdoer to take advantage of his own wrong. Norris v. Letchorth, 167 Mo. App. 553, 557, and citations there given; Brinton v. Thomas, 128 Mo. App. 64; Foley v. Harrison, 233 Mo. 460; Barnett v. Railway, 138 Mo. App. 192.

FARRINGTON, J.—This suit was brought by plaintiff for the purpose of recovering $2000, which he alleges was paid to defendant, Richards, as part payment on a farm which he was buying for a full consideration of $18,000. In his petition plaintiff avers that the contract for the purchase of the farm was entirely oral and that in such verbal understanding the

208 M. A.—43

defendant agreed  to furnish an abstract showing good
title, make a warranty deed to the land, and in addition
there to agreed to construct a drainage ditch on one side
of the land. He then charges that defendant failed and
refused to construct such ditch. He therefore charges
the defendant with a breach of the contract in respect
to the construction of the ditch, and asks judgment for
a return of the $2000 part purchase money which he
paid the defendant to bind the bargain. There is no
contention by plaintiff that defendant was in default in
any respect concerning the contract other than a failure
to construct the drainage ditch.

The record shows that Richards died and the cause
was revived in the name of his administratrix, Viola
Richards.

The answer of respondent admitted that he and
plaintiff entered into a verbal contract for the sale of
the farm  described in plaintiff's petition but denies every
other allegation; and for further answer defendant says
that under the terms of the verbal agreement plaintiff
paid him $2000, the balance to be paid when plaintiff's
attorneys examined the abstract which he was to fur-
nish showing good title, and a warranty deed thereto-
fore deposited in a bank. He further pleads that he
did furnish such abstract and warranty deed and that
they showed that defendant was furnishing a good mer-
chantable title, but that plaintiff failed to pay the bal-
ance of the purchase money and refused to go on with
the purchase. That by reason of plaintiff's breach in
failing to pay the rest of the purchase money defendant
was compelled to sell said land to the best advantage he
could to other parties, which he did, and thereby suffered
a loss of $2000. He then alleged ''that plaintiff is in-
debted to this defendant on account of said damage in
the sum of $2000, being the amount paid as earnest money
at the time said verbal contract was entered into.'' He
then alleges that he was at all times ready to carry out
his part of the contract, and that although his land was
sold to other parties, he is now in position to convey the

property to plaintiff on the terms agreed upon in the verbal contract. He closes his answer in the following language: "Wherefore, having fully answered, defendant prays *to be discharged with his costs* (italics). We italicize the close of the answer showing that it was not the theory of the defendant that he be given a judgment for any amount against the plaintiff on account of the breach, but that he be discharged in the suit brought by plaintiff, showing by the full answer that he made that he was claiming that plaintiff had breached the contract and that by reason of such breach defendant had suffered a loss of $2000, which was the amount he had already been paid by plaintiff when the verbal contract was made. We call special attention to this, because in the trial both parties, the court and the jury, seem to have misunderstood the purport of defendant's answer and called and treated the same as a counterclaim.

Turning now to the evidence. Plaintiff testified to facts which sustain the allegations of his petition, that is that defendant agreed to construct a drainage ditch within a certain time, and that he failed to do so.

Defendant, by himself and a number of witnesses who were present and took part in the negotiations and trade, denied that there was any agreement at all about constructing a drainage ditch, and that by the terms of the verbal contract he was merely to furnish an abstract and deed showing a good and merchantable title and that he complied in full with his part of the understanding, and that it was plaintiff who breached the contract by refusing to pay the balance of the purchase money, that is $16,000, the whole price being $18,000. Defendant further testified as to the sale he made after plaintiff's refusal: "After Dr. Shaw refused to take this land I resold it again. Mr. Kieth sold it for me. I made a good deal of effort to sell the land, tried every way. I had to have the money to pay on this other farm; I was up against it; I just had so much money, and I couldn't hold the place I bought and this one too. We notified Dr. Shaw that we were going to have to

dispose of it, so we sold the land. I got the same price that Mr. Shaw was to pay me less the two thousand dollars that he had paid. I do not know whether or not that ditch has been dug. A. J. Matthews and Caleb have the title to that land now.''

All of appellant's instructions were given by the court, and aside from falling into the error of calling defendant's defense a counterclaim, they appear to be in proper form and to properly present defendant's theory of the case to the jury.

Some complaint is made concerning the defendant's two instructions which were given, which we will notice later on. The jury returned the following verdict: ''We, the jury, find the issues for the plaintiff on the petition and find the amount due is $2000. And we find the issues for the defendant on the counterclaim and find the amount due is $2000. And on the whole case we find there is due nothing (neither the sum of no dollars).'' A glance at this verdict shows it is inconsistent, one finding kills the other (it is *Felo De Se*).

Under the pleadings and facts of this case a finding of the issues for plaintiff and a judgment for $2000 could only be on the theory that plaintiff had not breached the contract and that defendant had done so. On the other hand to find for defendant on the counterclaim (there was none in the case) is a finding that defendant had not breached the contract and that the plaintiff had done so. There being some evidence upon which a trier of the fact could find either way, we cannot tell from the verdict returned what was the finding, in fact it gave no foundation upon which to build a judgment. For this reason the judgment must be reversed and the cause remanded. If, on a retrial, the jury takes to plaintiff's version, that is that defendant breached the contract, then plaintiff is entitled to the full return of the $2000 paid. If, on the other hand, they take to the defendant's theory, that is that the plaintiff breached the contract, which the defendant elected to treat as a rescission, then plaintiff's recovery, if anything, should

be the remainder left after deducting from the $2000 the amount which the jury find plaintiff's breach caused a loss to defendant. The only evidence showing what the loss was we have heretofore quoted in this opinion. That evidence made a prima-facie showing that defendant suffered a loss by reason of plaintiff's breach amounting to $2000, and should the jury on a retrial find that the loss was $2000, the verdict should be that the issues are found against the plaintiff and for the defendant, which would, of course, carry the costs.

That it may be made plain, under the pleadings and facts of this case, should the jury believe that the defendant breached the contract, then plaintiff should be awarded a verdict for the $2000. On the other hand, it appearing, according to defendant's testimony, that plaintiff had made the breach and that the defendant had elected to rescind by retaining the $2000 and making disposition of the farm to the best advantage, should the jury find that the plaintiff was the party at fault for not going through with the trade, the verdict should give credit, not to exceed $2000, for such an amount as is shown the defendant sustained loss on account of plaintiff's failure. And should they find that the land, on the day the contract should have been carried through by plaintiff, was worth $2000 less than the price he agreed to pay, then plaintiff's recovery would be reduced to nothing, because the full amount of his $2000 payment would be absorbed by defendant's loss. [See Norris v. Letchworth, 140 Mo. App. 19, 124 S. W. 559, and Norris v. Letchworth, 167 Mo. App. 553, 152 S. W. 421.]

On a retrial, the defendant should not again be permitted, over plaintiff's objection, to show that he, the defendant, had purchased other land and that he was depending on plaintiff paying him under this contract to carry through his other deals; such testimony is incompetent to show the measure of his damages. [See cases above cited.]

Defendant's second instruction should not have concluded, "And if you find from the weight of the testi-

mony that defendant Richards was damaged thereby, then your verdict will be for the defendant on his counterclaim for such sum as you may believe he was damaged." In view of the instructions given for plaintiff, it would have been a proper instruction in this case had it concluded, "And if you find from the weight of the testimony that defendant Richards was damaged, then you shall allow to defendant out of the $2000 which he had received from plaintiff as part purchase money such an amount as will make him whole on account of plaintiff's breach, if you find that there was a breach on plaintiff's part."

There is no place for defendant's second instruction under the facts of this case. There could be but one of three verdicts in this case. If the jury believed plaintiff's version, then the verdict should be, we, the jury find the issues for the plaintiff and find the amount due is $2000. Should the jury believe the defendant's version of the case and find that his loss was $2000, then the verdict should be, we, the jury, find the issues for the defendant and that the plaintiff is entitled to nothing. On the other hand, should the jury believe that plaintiff did breach the contract but that defendant's loss did not amount to as much as $2000, the verdict should be, we, the jury, find for the plaintiff in the sum of $————; that is, giving him a verdict for a sum representing the difference between the actual loss sustained by defendant and $2000 which was already paid him by plaintiff.

For the defect in the verdict, the judgment is reversed and the cause remanded.

*Cox, P. J.,* and *Bradley, J.,* concur.