CLARENCE G. MCMILLION ET AL., RESPONDENTS, v. VAN A. TRIPLETT ET AL., APPELLANTS.—118 S. W. (2d) 515.

Kansas City Court of Appeals.   June 13, 1938.

326

*C. W. Prince, James N. Beery* and *Hume & Raymond* for respondent.

*Burrus & Burrus, Rufus Burrus* and *L. T. Dryden* for appellant.

CAMPBELL, C.—Plaintiffs' amended petition, on which the cause was tried, alleged that in the year 1930 they were husband and wife and the owners of residential property in the city of Independence, Missouri, the equity of which was of the value of $6000; that in that year they exchanged that property for a farm of 111 acres, then owned by the defendants, conveyed the property in Independence by warranty deed to defendants' nominee; that as a part of the consideration of said exchange plaintiffs executed their note of $6000 to the defendants Van A. Triplett and Herman Reick and secured the payment thereof by a deed of trust on the farm; that it was mutually agreed that "said papers, including the warranty deed belonging to plaintiffs, be left in escrow with" a bank and to be released from the escrow on the joint demand of the plaintiffs and defendants; that defendants thereafter rescinded the transaction, declare plaintiffs had no interest in the farm, and demanded plaintiffs vacate it; that defendants, on demand, refused to release the deed to the farm

from escrow and thereupon plaintiffs vacated the farm, demanded restitution of the residential property, which demand was refused to their loss in the sum of $6000.

The answer of defendants Arthur G. Hawes and Amanda Hawes was a general denial.

The other defendants joined in an answer denying each and every allegation of the petition.

Plaintiffs on trial to a jury had a verdict and judgment for $3000. The defendants have appealed.

The evidence shows that in March, 1930, plaintiffs owned the city property which was of the value of $7500 and on which there was an encumbrance of $1500; on March 5, 1930, the owners of the 111 acre farm conveyed it to defendants Van A. Triplett and Herman Reick as trustee for the four daughters of Herman F. Grumke, deceased, namely, Emma M. Triplett, Amanda Hawes, Laura J. Reick and Ida Savage. Following negotiations between plaintiffs and Van A. Triplett and Herman H. Reick, exchange of the properties was agreed upon; the farm was valued at $12,000; the equity in the city property at $6000. Thereupon plaintiffs signed and acknowledged a deed in which the name of the grantee was left in blank; and Van A. Triplett, his wife Emma M. Triplett, Herman H. Reick and his wife Laura J. Reick signed and acknowledged a deed which, by its terms, conveyed the farm to plaintiffs for the expressed consideration of $6000. At the same time plaintiffs signed a note for $6000, payable to Van A. Triplett and Herman Reick, due March 28, 1932, and signed and acknowledged a deed of trust covering the farm for the purpose of securing the payment of the note.

The parties to the transaction orally agreed the deeds and note would be placed in escrow with the Chrisman-Sawyer Bank. Thereupon plaintiffs took possession of the farm and Reick and his wife went into possession of the city property. When the note became due March 28, 1932, it was renewed by giving a new note, due in two years thereafter, payable to Triplett and his wife, Savage and his wife, and Hawes and his wife. When the latter note became due the time for the payment thereof was for a valuable consideration extended to March 28, 1935.

Reick and wife and Triplett and wife on August 6, 1934, executed a warranty deed, by the terms of which they conveyed to defendants Hawes and his wife an undivided two-thirds interest in the farm. The deed was recorded on the day of its date. Soon thereafter Hawes told plaintiffs he would not extend payment of the note beyond March 28, 1935. Plaintiff Clarence G. McMillion then sought relief under the provisions of the Frazier-Lemke Act. Hawes and his wife and Triplett and his wife filed their petition n said proceeding in which it was stated that in March, 1930, the then owners of the farm made a deed to the farm but that the deed was not to be

delivered until McMillion and his wife paid the sum of $6000; that the time of the payment of said sum expired March 28, 1934; that the equitable right of the bankrupt to purchase said land had expired and "no longer exists." McMillion failed to obtain the relief sought. Triplett and wife and Hawes and wife were named plaintiffs in a complaint in unlawful detainer in which it was alleged the McMillions were unlawfully and wilfully detaining possession of the farm. The complaint was verified by Arthur G. Hawes for himself and as agent for his cocomplainants. The said complainants caused a copy of the complaint to be delivered to the attorney for the McMillions. Plaintiffs surrendered possession of the farm in February, 1935.

The evidence for the defendants was to the effect that the city property was valued in the exchange for the farm at $2000; that the deed of plaintiffs to the city property was with the knowledge and consent of the McMillions, made and delivered to Reick and wife on the day it was written; that it was intended by all of the parties in interest that the note, deed of trust and deed to the farm were in escrow until the $6000 was paid. Other pertinent evidence evidence will be stated in our discussion of the questions presented by the defendants.

The defendants say the court erred in overruling the demurrer to the amended petition on the ground it failed to state a cause of action. After the demurrer was overruled the defendants answered over thus waiving the demurrer. The waiver, however, does not deprive the defendants of the right to contend the petition does not state facts sufficient to constitute a cause of action. [Baugher v. Gamble Const. Co., 26 S. W. (2d) 946.] The defendants have not in their assignment of errors nor in their points and authorities challenged the sufficiency of the petition.

Each defendant, at the close of the evidence, requested the court to direct verdicts against the plaintiffs. The requests were refused.

Hawes and his wife say there was no evidence that they were parties to the exchange agreement made by plaintiffs with Triplett and Reick; that there was no evidence showing plaintiffs complied with the conditions and requirements incumbent on them.

The other defendants say the plaintiffs failed to show they complied with condition and requirement "incumbent upon them;" that plaintiffs did not demand of Reick and wife that they return the city property.

The contention of Hawes and wife cannot be sustained. Evidently they were actors in the entire matter; were payees in the renewal note; were grantees in the deed of August 6. When that deed was recorded the deed to the McMillions would not have conveyed the title of the farm. Hawes and wife appeared in the bankruptcy proceeding, said in effect the right of the debtors under the exchange

agreement had expired and "no longer exists." · Hawes for himself and wife verified the complaint of unlawful detainer.

Herman Reick while testifying for the defendants concerning the fact that only he and Van Triplett signed the deed to the farm, said:

"We (meaning himself and Triplett) were the acting agents for the wives, we were the acting agents for the pair of the people.

"Q. For who? A. Our wives.

"Q. And who else? A. And Mr. Hawes.

"Q. And his wife? A. And his wife.

"Q. And Mrs. Savage? A. And Mrs. Savage, yes, sir.

"Q. And her husband? A. And her husband."

The jury could find every act of each defendant from the beginning to the end of the transaction was the act of all of them, from which it follows that if any defendant were liable to the plaintiffs all were liable.

The claim that plaintiffs failed to perform the conditions imposed upon them by the exchange agreement is based upon the fact that the $6000 note was not paid. This contention overlooks the fact, evidently found by the jury, that the debt evidenced the note was not due until March 28, 1935; that prior to that time Hawes and wife received the deed from Reick and wife, appeared in the federal court and denied that plaintiffs had any right in the farm; threatened to bring unlawful detainer, thus denied plaintiffs' right to pay the debt in March, 1935, and receive title to the farm.

These acts done prior to the time the debt became due was a repudiation of the exchange agreement and entitled plaintiffs to rescind the contract and sue for damages. [Norris v. Letchworth, 167 Mo. App. 553, 152 S. W. 421; Chamberlain v. Ft. Smith Lumber Co., 179 S. W. 740.]

It is further claimed no demand was made on Reick and wife for return of the city property. Plaintiffs did not demand of Reick or his wife that they return the city property. Demand was made on Mr. Hawes for delivery of the deed to the farm or return of the city property. The demand was refused.

The answers were general denials.

Therefore the defense of no demand was not open to any of the defendants. [Sec. 1262, R. S. 1929.].

The requests for directed verdicts were well ruled.

Plaintiffs' Instruction No. 1 covered the whole case and allowed a verdict for plaintiffs upon the jury finding the facts hypothesized therein. What we have said in discussing the requests for directed verdicts answer many of the criticisms of the instruction. The objections not thus answered or not fully answered are (1) the instruction does not require the jury to find defendants acted wrongfully in threatening to bring the unlawful detainer suit; (2) no evidence that Reick and wife denied that plaintiffs had title and right

to the possession of the farm; (3) failed to require the jury to find plaintiffs had right to demand return of the city property; and (4) leaves out the question whether or not the plaintiffs vacated the farm voluntarily.

When plaintiffs paid part of the purchase price and took possession of the farm they acquired an interest in the land; there was no agreement that that interest would be forfeited upon failure to pay the balance of the purchase price. The threat to proceed in unlawful detainer was a denial of plaintiffs' title and right of possession; was wrongful as a matter of law.

Did Reick and wife deny plaintiffs had any title or right of possession to the land? Reick and Triplett were the record owners of the farm at the time they and their wives made the deed to Hawes and wife. The act of the defendants in making and accepting that deed was a violation and repudiation of the exchange agreement. Hence the defendants and each of them, on the record before us, denied plaintiffs had right in the farm.

Instruction No. 1 allowed a verdict for plaintiffs upon the jury finding, among other facts, that ''defendants denied plaintiffs title and right to the possession of said farm, if so; and that the defendants demanded possession of said farm and threatened to sue plaintiffs for possession thereof and for damages for alleged wrongful detention thereof, if so; and that the plaintiffs yielded to defendants' said demand for possession of said farm, and surrendered possession thereof to the defendants, . . .'' then your verdict should be for plaintiffs.

It was incumbent on plaintiffs to show defendants repudiated the contract and that they surrendered the farm, not voluntarily, but because of the wrongful acts of the defendants.

The language of plaintiffs' Instruction No. 1 to the effect that if plaintiffs yielded to the demands of defendants for possession may have been sufficient to submit the question whether or not the surrender was voluntary. However, the words were not so plain in their meaning as to render harmless the refusal of a proper instruction on that subject requested by the defendants.

The defendants' requested Instruction K was refused. The instruction would have told the jury that if it found plaintiffs voluntarily moved from the farm, then plaintiffs could not recover.

There was evidence sufficient to warrant the jury in finding the abandonment of the farm was voluntary, not because of the wrongful conduct of the defendants.

The evidence shows the plaintiffs endeavored to settle with their creditors for less than the amount of their debts; that Clarence G. McMillion went into the bankruptcy court seeking relief to which he was not entitled; that plaintiffs were in default of the payment of interest and taxes; sought legal advice and were told they could not

successfully defend an action in unlawful detainer; and it may be plaintiffs concluded they would be unable to pay the balance of the purchase price and therefore withdrew from the transaction. For these reasons Instruction K should have been given.

Defendants requested Instruction Q, which the court refused, said that if plaintiffs voluntarily moved from the farm the verdict should be for the defendants even though the time for the payment of the $6000 note had been extended to March, 1935.

If plaintiffs voluntarily abandoned the farm, then they could not maintain the action whether the note was or was not due. The defendants were entitled to have the instruction.

Defendants' requested Instruction M said that plaintiffs could not recover if the time of payment of the $6000 note had not been extended to March, 1935.

The instruction was properly refused for the reason that even though the debt was due defendants were not acting within their right in denying plaintiffs had title or right in the farm; defendants could not work forfeiture of plaintiffs' right by repudiating the obligations imposed on them by the exchange contract.

Plaintiffs introduced in evidence a part of the inventory in the estate of Herman F. Grumke, deceased.

This evidence, taken with the oral testimony, tended to show that the four daughters of said deceased furnished the consideration for the conveyance of the farm to the husbands of two of them, and that said husbands held title in trust for those who paid the purchase price. The evidence was properly received.

It was proper for the court to receive the evidence concerning the unlawful detainer suit which certain of the defendants threatened to bring. That evidence, the evidence relating to the occurrences in the bankruptcy proceeding, the making of the deed of August 6, tended to show the defendants were acting upon the erroneous assumption that the failure to pay the note on March 28, 1934, forfeited any right plaintiffs had in the farm.

In argument the defendants criticize plaintiffs' Instruction No. 2. That instruction is not referred to in the assignment of errors or in points and authorities. We will therefore not consider the argument.

Hawes and wife at the close of plaintiffs' evidence separately requested verdicts be directed against plaintiffs. The requests were refused, and thereupon said defendants announced they would stand on their demurrers and would not offer any evidence. The record shows that thereafter numerous witnesses were called and testified on behalf of the *defendants*. The plaintiffs were therefore entitled to the benefit of any evidence favorable to them which was elicited in the examination or cross-examination of any witness who testified on behalf of the *defendants*. So in ruling the separate requests for directed verdicts, we have considered all of the evidence.

For the errors stated, the judgment is reversed and the cause remanded. *Sperry, C.*, concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.