Meyer v. Peel.

4-9494                                          238 S. W. 2d 663

Opinion delivered April 16, 1951.

Rehearing denied May 21, 1951.

*Eugene Coffelt* and *Robert M. Coffelt*, for appellant.

*Jeff R. Rice* and *Little & Enfield*, for appellee.

George Rose Smith, J. This is a suit by the appellants to recover $1,500 of earnest money that was forfeited by L. G. Clark when he failed to perform a contract to buy a farm from the appellants. The money had been deposited with the appellees, two real estate brokers, who contended below that they were entitled to half of the deposit as a commission for having brought about the sale. The trial judge, sitting as a jury, upheld the contention of the appellees and accordingly awarded $750 to the appellants and a like amount to the appellees.

The appellants are residents of Missouri, and the farm is in that State. In 1950 the appellants, in Missouri, orally listed their farm for sale with the appellees, who are a Missouri broker and an Arkansas broker. The agreement was that the appellees should have as their commission all of the purchase price in excess of $21,000. It does not appear that the parties at first considered

whether the sale would be for cash or on terms of credit. The appellees interested Clark in the farm, and on June 23, 1950, the sellers and Clark signed a contract by which Clark agreed to buy the property for $23,000, subject to the title being good. Clark paid earnest money of $1,500 and agreed to pay $5,000 in cash when the deed was executed and the balance in specified installments over a period of ten years.

While the title was being examined Clark was alerted for military duty and notified the sellers that he would be unable to complete his purchase. The contract to sell provides that in this situation the sellers have the option of insisting upon performance or of declaring a forfeiture of the earnest money. The sellers chose the latter course, but the appellees refused to surrender the entire $1,500. They contended that they were entitled to $750 (*a*) under their contract of employment, (*b*) by custom in such cases, or (*c*) on a *quantum meruit* basis.

The contract between these litigants was made in Missouri and contemplated performance in Missouri, since the appellees would evidently be required to show the farm to prospective buyers. Hence the law of Missouri governs. Leflar, Conflict of Laws, §§ 94 and 95. Since we have concluded that under Missouri law the brokers could have recovered their entire commission of $2,000, we find it unnecessary to consider their second and third contentions.

In the absence of a decision by the Supreme Court of Missouri upon this exact point we regard as controlling the case of *McCormick* v. *Obanion,* 168 Mo. App. 606, 153 S. W. 267. There Obanion orally employed McCormick to sell a farm, the commission to be all that the farm sold for in excess of $6,000 cash. The broker found a purchaser who was willing to buy the property for $6,800, but the buyer could not pay the full amount in cash. The seller then agreed to accept a down payment and notes payable over a period of years. When McCormick sued for his commission of $800 the farm was only about half paid for, and Obanion contended that the suit was premature. The court held, however, that

by agreeing to accept notes instead of cash Obanion had elected to treat the notes as payment. The sale was therefore a completed transaction, so that McCormick was entitled to his commission without waiting for the notes to be paid. It was indicated that the rule might be different if the purchaser had defaulted and proved to be insolvent.

In the case at bar the same reasoning applies. These appellees found a purchaser, Clark, who agreed to pay $23,000 for the farm. The sellers and Clark signed a binding contract for a sale upon deferred payments. By this contract the appellants elected to treat the obligation to pay in installments as the equivalent of payment. While the notes were not actually signed in this case, the sellers could have enforced specific performance had they chosen to. *Norris* v. *Letchworth*, 167 Mo. App. 553, 152 S. W. 421; Walsh on Equity, § 68. It is not intimated that Clark is insolvent, but the appellants elected to release him from his obligation and to accept instead a forfeiture of the earnest money. In these circumstances we think the appellees had earned their commission under Missouri law, and of course the appellants cannot complain because the appellees have asked for only $750.

Affirmed.